Argued and submitted May 23, affirmed on appeal; reversed and remanded for resentencing on cross-appeal June 21, petition for review denied October 3, 1995

(322 Or 168)

# STATE OF OREGON,
*Respondent - Cross-Appellant,*

*v.*

# RICKY LEE PARSONS,
*Appellant - Cross-Respondent.*

(F31-21233C, 91-09-34396, 92-05-34915;
CA A83600 (Control), A83601, A83602, A83694)
(Cases Consolidated)

897 P2d 1197

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant - cross-respondent. With him on the briefs was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent - cross-appellant. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Warren, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his convictions for first degree sodomy, ORS 163.405, second degree sexual abuse, ORS 163.425, and conspiracy to commit rape, ORS 161.450 and ORS 163.375. The state cross-appeals, assigning error to the trial court's downward departure sentences on the convictions for sodomy and conspiracy to commit rape. We address only the state's cross-appeal and reverse.

Defendant's sentencing gridblock was 10 C,[1] which specifies a presumptive prison sentence of 111 to 115 months for the convictions for sodomy and conspiracy to commit rape. The trial court imposed concurrent downward departure sentences of 40 months. It reasoned:

> "The degree of harm or loss was substantially less than that degree of harm usually associated with the crime[s] of sodomy [and rape] in the first degree. The victim suffered much less harm than victims of rape and sodomy typically suffer in that the victim was not subjected to coercion, force or violence nor was she a victim of a plan or design by the defendant to get the victim into a state of alcoholic stupor in order to take advantage of the victim. The Court finds that the victim voluntarily drank a large amount of alcohol on the night of the crime. The Court finds that defendant and victim had a recent consensual sexual relationship. The previous person felony which enhanced this crime on the guidelines gridblock from a 10G to a 10C was not a crime involving force or violence. Therefore, in the Court's judgment there is no justification to send the defendant to prison for 110 months having in mind the purposes and goals of the sentencing guidelines. Based on all of the above, the Court departs downward to gridblock 8B, 35-40 months."

We review departure sentences to determine whether the sentencing court's findings of fact and reasons

---

[1] Chapter 253, Appendix 2, of the sentencing guidelines provides that Sodomy I and Rape I

"shall be ranked at Crime Category 10 if one or more of the following factors was included in the commission of the offense:

"a.) the offender used or threatened to use a weapon;

"b.) the offender caused or threatened to cause serious physical injury;

"c.) the victim was under the age of twelve; or

"d.) *the victim was incapable of consent by reason of* mental defect, mental incapacitation or *physical helplessness.*"

justifying the departure are supported by evidence in the record and constitute substantial and compelling reasons for departure. ORS 138.222(3); *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Those reasons must be exceptional circumstances to overcome the presumption that the grid-block sentence accomplishes the purposes of the guidelines. *Id.* at 150.

The state contends that the sentencing court erred in considering the factor of force in this case, because when the crime charged is sodomy and conspiracy to commit rape of a physically helpless victim, force is unnecessary to the crime and lack of it is not a mitigating factor. Defendant contends that the record supports the court's conclusion that the victim's loss was significantly less than is typical for the offense.

We agree with the state that the lack of force is not relevant. Defendant was indicted for and convicted of first degree sodomy and conspiracy to commit rape of a victim who was incapable of consent by reason of physical helplessness. ORS 163.405(1)(d); ORS 161.450; ORS 163.375(1)(d). At the time defendant committed the offenses, the victim was unconscious as a result of her voluntary consumption of alcohol. By definition, she was physically helpless. The jury did not need to find that defendant used force in order to convict him of the crimes of sodomy and conspiracy to commit rape. Neither was it necessary for the trial court to find the use of force to place him in crime category 10 of the sentencing guidelines. The absence of force, therefore, could not be an exceptional circumstance justifying a downward departure. Additionally, the reason for the victim's physical helplessness is not a factor under ORS 163.405, ORS 163.375 or the sentencing guidelines. Likewise, whatever consent the victim may have given in her past relationship with defendant cannot be relevant to her lack of consent here.

Affirmed on appeal; on cross-appeal, reversed and remanded for resentencing.