Submitted on record and briefs June 20, sentences vacated; remanded for resentencing; otherwise affirmed July 27, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH ZACHARY SCOTT,
*Appellant.*

20-02-15828; A121454

117 P3d 314

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Ortega, Judge.

PER CURIAM

---

* Brewer, C. J., *vice* Richardson, S. J.

## PER CURIAM

Defendant was convicted on five counts of sodomy in the third degree. ORS 163.385. The trial court imposed upward durational departure sentences on each conviction based on findings of unusual vulnerability of the victim and harm to the victim beyond what is ordinarily contemplated by the sentencing guidelines. The court also imposed consecutive sentences on three of the counts.

On appeal, defendant challenges only his sentences. He first argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing departure sentences based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 388 Or 488 (2005), the sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Defendant also argues that the imposition of consecutive sentences likewise runs afoul of *Blakely* and *Apprendi* and is plain error. We rejected the same argument in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005).

Sentences vacated; remanded for resentencing; otherwise affirmed.