# STATE OF OREGON,
*Respondent,*

*v.*

# GREGORY WILLIAM VANDERVORT,
*Appellant.*

0207244CR1; A125063

142 P3d 482

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

PER CURIAM

---

* Ortega, J., *vice* Richardson, S. J.

## PER CURIAM

After a trial to a jury, defendant was convicted of one count of first-degree arson, ORS 164.325, and one count of first-degree burglary, ORS 164.225. The trial court imposed an upward durational departure sentence of 60 months' probation on the burglary conviction, based on its findings that the victim was particularly vulnerable, the offense had caused "harm greater than normal," and defendant had engaged in "repetitive conduct."

On appeal, defendant makes two assignments of error. Having waived his right to counsel and represented himself at trial, he first argues that his waiver of counsel was not knowing and voluntary because the trial court forced him to choose between proceeding to trial with his retained counsel or proceeding *pro se*. We reject that argument without discussion. Defendant also argues that the departure sentence violated the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was based on facts that were not admitted by defendant or found by a jury. Although defendant did not advance such a challenge below, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.