Argued and submitted March 24, sentences vacated; remanded for resentencing; otherwise affirmed December 27, 2006

# STATE OF OREGON,
*Appellant,*

*v.*

# JEREMIAH DARRELL RHOADES,
*Respondent.*

## CM0320389; A125359

149 P3d 1259

Robert M. Atkinson, Senior Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Assistant Attorney General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

**DEITS, J. pro tempore**

This is a criminal case in which defendant was convicted of third-degree rape, ORS 163.355, and third-degree sodomy, ORS 163.385. Because defendant had twice previously been sentenced on convictions for felony sex crimes, his presumptive sentence for the current convictions was life imprisonment without the possibility of release or parole. ORS 137.719. The trial court, however, imposed a downward departure from that sentence, resulting in a term of 60 months' incarceration. The state appeals the downward departure. ORS 138.060(1)(e). We reverse and remand for resentencing.

During the month of March 2003, defendant engaged in a series of sexual acts with a 15-year-old girl. Most of these sexual acts occurred in Benton County, but at least one occurred just inside the Linn County border. As a result, defendant was indicted for felony sex crimes in both Linn and Benton counties. Pursuant to a plea agreement, defendant was convicted of third-degree sodomy in Linn County, and sentenced to 24 months' incarceration. Thereafter, and pursuant to a plea agreement, defendant was convicted of third-degree rape and third-degree sodomy in Benton County. Defendant had also previously been convicted in 1996 of two counts of sexual abuse in the first degree, for which he was sentenced to 75 months' incarceration. He was on post-prison supervision for those crimes at the time that he committed the March 2003 crimes.

Defendant's current convictions in Benton County led to his third sentencing for felony sex crimes. Consequently, defendant was subject to the provisions of ORS 137.719. That statute provides:

> "(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

> "(2) The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by

the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons.

"(3) For purposes of this section:

"(a) Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and

"(b) A prior sentence includes:

"(A) Sentences imposed before, on or after July 31, 2001; and

"(B) Sentences imposed by any other state or federal court for comparable offenses.

"(4) As used in this section, 'sex crime' has the meaning given that term in ORS 181.594."

At the sentencing hearing, defendant argued that there were substantial and compelling reasons to order a downward departure from the presumptive life sentence. He argued that two of the previous sentencing proceedings—those arising out of his crimes committed in March 2003—pertained to the same victim and the acts on which the convictions were based had all occurred within the same month and within a relatively small area. Furthermore, he asserted that the victim had not only consented to the sexual acts, but had instigated them. After hearing argument from both the state and defendant, the sentencing court found there to be substantial and compelling reasons for ordering a downward departure from the presumptive life sentence, and sentenced defendant to 60-month terms of incarceration for each conviction, to run concurrently.

In ordering the downward departure, the trial court explained:

"It's clear that the legislature, when authorizing judicial discretion in sentencing pursuant to ORS 137.719 that they authorize that judicial discretion, because they recognize that certain convictions that might technically result in a life sentence without the possibility of parole were inappropriate for such harsh consequences—consequences similar to the consequences for aggravated murder.

"Factors that are important to the Court in deciding the appropriate sentence in this case include the fact that [these] conviction[s] [are] part of a series of criminal activities the defendant was involved in. And I stress that these were criminal activities, but that they were a series of criminal activities that involved the same victim during the same time frame as one of the other convictions that the State is relying on to request a life sentence. Also, the criminal behavior resulting in this conviction involved, except for age, consensual sexual activity with the victim. Therefore, the court does find that there are substantial and compelling reasons to depart from the statutory sentence outlined in ORS 137.719, finding that the degree of harm or loss attributed to this crime of conviction is significantly less than typical, and the other factors I've just outlined in my remarks."

■ Based on the parties' arguments and the sentencing court's explanation at the sentencing hearing, we understand the sentencing court to have given two reasons for departure from the presumptive life sentence: that the victim of the current crime consented to the sexual activity and that two of the previous sentences on which the presumptive life sentence was based arose from a single course of criminal sexual conduct with the same victim, within a short time frame, and within a limited geographical area. The state argues that, as a matter of law, neither reason, standing alone or in combination with the other reason, constitutes a substantial and compelling reason to depart from the presumptive life sentence. Defendant counters that we must give deference to the sentencing court's assessment of the witnesses and the evidence.

■■ Our review of departure sentences is "to determine whether the sentencing court's findings of fact and reasons justifying the departure are supported by evidence in the record and constitute substantial and compelling reasons for departure." *State v. Parsons*, 135 Or App 188, 190-91, 897 P2d 1197, *rev den*, 322 Or 168 (1995) (citing ORS 138.222(3); *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992)). In determining whether a factor constitutes a substantial and compelling reason for departure, we look at whether "exceptional circumstances [exist that] overcome the presumption that the [presumptive] sentence accomplishes the purposes

of the guidelines." *Parsons*, 135 Or App at 191. In this case, we review the sentencing court's explanation of why the circumstances are so exceptional that the imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the sentencing court's explanation does not demonstrate that, we must remand for resentencing. If the explanation does provide adequate reasons, we will not disturb the court's decision. *Wilson*, 111 Or App at 151.

The Oregon sentencing guidelines provide some assistance in determining what constitutes exceptional circumstances. OAR 213-008-0002(1) gives a nonexclusive list "of mitigating * * * factors [that] may be considered in determining whether substantial and compelling reasons for a departure exist[.]" The purpose of the listed factors is "to permit consideration of the circumstances of a particular crime that might be different from those envisioned by the legislature when it established the presumptive sentence for that crime." *State v. Watkins*, 146 Or App 338, 341, 932 P2d 107, *rev den*, 325 Or 438 (1997). Among the factors listed in OAR 213-008-0002(1) is the factor given by the sentencing court in this case, that "[t]he degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense." OAR 213-008-0002(1)(a)(G). It is not entirely clear whether the sentencing court relied on both of its stated reasons, or only the fact of the victim's consent, in concluding that the harm was significantly less than typical. Ultimately, though, the distinction makes no difference, because the factors listed in OAR 213-008-0002(1) represent a *nonexclusive* list of factors that may be considered in determining whether substantial and compelling reasons exist. The key question remains whether the stated reasons constitute substantial and compelling reasons to depart from the presumptive sentence. As discussed above, our task is to decide whether the reasons that the sentencing court relied on in departing from the presumptive sentence constitute circumstances that are different from what the legislature envisioned when it enacted the presumptive life sentence in ORS 137.719.

We begin with the question of whether the victim's consent to the sexual activity constitutes a substantial and compelling reason for departure, either in and of itself or as a

factor supporting the conclusion that the degree of harm suffered by the victim of these crimes was less than typical. ORS 163.355 provides, in part, that a person is guilty of rape in the third degree if "the person has sexual intercourse with another person under 16 years of age." ORS 163.385(1) provides that "[a] person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person under 16 years of age or causes that person to engage in deviate sexual intercourse." ORS 163.315(1) provides, in part, that, for purposes of sexual offenses, a person is "incapable of consenting to a sexual act if the person is * * * [u]nder 18 years of age." The state argues that ORS 163.315(1) "is a declaration of public policy that acts of 'consent' by children under 18 can have no legal effect." Based on the above provisions, the state argues that the fact that the victim consented to the sexual activity cannot be considered in deciding if there are substantial and compelling reasons for departing from the presumptive life sentence.

We do not agree with the state that, under all circumstances, consent by a minor victim can have no legal effect. *See* ORS 163.345(1). The state is right, however, that under these particular circumstances, the victim's consent to the sexual activity is entirely irrelevant to whether defendant committed the crimes in question. The fact that the legislature adopted a statute that makes a victim's consent irrelevant to certain crimes indicates that the legislature was aware that some victims do consent to the acts constituting the crimes. Consequently, the victim's consent here is a circumstance of the particular crimes that was envisioned by the legislature when it enacted ORS 137.719, and, accordingly, should be given no consideration in determining whether the particular crimes were committed, nor should it be a pertinent consideration in determining if there are substantial and compelling reasons for departing from the presumptive sentence. Moreover, where the legislature defined the particular offenses so that a victim's consent is irrelevant to the commission of the offenses, the benchmark for whether the offenses were committed is whether the sexual acts occurred, *even with the victim's consent*. In other words, the "typical harm" associated with those offenses includes the

fact that the victim may have consented. Consequently, in this case, the victim's consent cannot transform his or her harm into one that is "less than typical" for those offenses.

Our conclusion is consistent with our holding on a similar issue in *Parsons*. 135 Or App at 190-91. In that case, the defendant was convicted of first-degree sodomy, second-degree sexual abuse, and conspiracy to commit rape. *Id.* at 190. The defendant's second-degree sexual abuse conviction was based on the victim's inability to consent by reason of "physical helplessness." *Id.* at 191. The presumptive sentence for the defendant's crimes was 111 to 115 months. *Id.* at 190. The sentencing court imposed a concurrent downward departure sentence of 40 months, concluding that " '[t]he degree of harm or loss was substantially less than that degree of harm usually associated with the crime[s] of sodomy [and rape] in the first degree.' " *Id.* Specifically, the sentencing court found that the victim had voluntarily consumed alcohol the night of the crimes, and had recently engaged in a consensual sexual relationship with the defendant. *Id.* The state argued that those facts were irrelevant to the underlying crimes and, therefore, could not constitute substantial and compelling reasons for departure from the sentencing guidelines. *Id.* at 191. We agreed with the state and reversed the sentences, explaining:

> "At the time defendant committed the offenses, the victim was unconscious as a result of her voluntary consumption of alcohol. By definition, she was physically helpless. The jury did not need to find that defendant used force in order to convict him of the crimes of sodomy and conspiracy to commit rape. Neither was it necessary for the trial court to find the use of force to place him in crime category 10 of the sentencing guidelines. The absence of force, therefore, could not be an exceptional circumstance justifying a downward departure. Additionally, the reason for the victim's physical helplessness is not a factor under ORS 163.405, ORS 163.375 or the sentencing guidelines. Likewise, whatever consent the victim may have given in her past relationship with defendant cannot be relevant to her lack of consent here."

135 Or App at 191.

As in *Parsons*, the fact that the victim in this case consented is irrelevant to the underlying crime and should be irrelevant to the consideration of a departure from the sentencing guidelines and the provisions of ORS 137.719. The sentencing court erred, as a matter of law, in concluding that the victim's consent could be used to support the conclusion that the harm or loss to the victim was substantially less than the harm usually associated with the crimes of rape and sodomy in the first degree or could be used to support the conclusion that there was any substantial and compelling reason for departure.

■   That does not end our inquiry, however. The sentencing court apparently also based its conclusion that there was a substantial and compelling reason to depart from the presumptive life sentence on the fact that two of the previous sentences that made defendant subject to ORS 137.719 involved a single course of criminal conduct with the same victim, within a short time frame, and within a limited geographical area. The state argues that the court erred in using this fact, because none of the mitigating factors in OAR 213-008-002(1) relate to circumstances equivalent to "closeness in time, space and victim." Furthermore, the state asserts that the legislature excepted from the life sentence presumption multiple sentences imposed in the same proceeding. *See* ORS 137.719(3)(a). Thus, the state contends, the legislature knew how to create exceptions from the life sentence presumption, and the fact that the legislature did not create an exception for defendant's circumstances indicates that it did not intend those circumstances to constitute substantial and compelling reasons to depart from a life sentence.

The state is correct that the circumstances of the case are not specifically identified as possible mitigating circumstances. We have never limited the inquiry, though, to only those mitigating factors specifically listed. The question we must answer is whether a sentencing court *could* conclude that the imposition of a presumptive life sentence in these circumstances is inconsistent with the purposes of the guidelines. We conclude that, under the limited circumstances here, a sentencing court *could* reach that conclusion. ORS 137.719(3)(a) provides that "[s]entences for two or more convictions that are imposed in the same sentencing proceeding

are considered to be one sentence[.]" A single sentencing proceeding for multiple felony sex convictions would most commonly occur during a single course of criminal conduct, involving the same victim, within a short time frame, and within a small geographical area, *i.e.*, within the borders of one county. The fact that the legislature did not intend multiple sentences imposed under the above circumstances to be a basis for imposing a life sentence on a defendant persuades us that the legislature would also have envisioned the unique circumstances in this case itself to be possible mitigating circumstances that might justify not imposing a presumptive life sentence. In this case, one of the crimes occurred about one mile from the other crimes and that location happened to be in another county. But for that fact, all of the crimes here likely would have been prosecuted in the same criminal proceeding and, for purposes of subsequent sentences imposed under ORS 137.719(3)(a), would be considered to be one sentence. Our holding should not be understood to mean that any time that multiple convictions arise from a single course of criminal conduct, regardless of the circumstances, a court could find substantial and compelling reasons to depart from the presumptive life sentence. Rather, we reach the conclusion that the particular circumstances here may be considered mitigating circumstances in determining if there are substantial and compelling reasons to depart from the presumptive life sentence.

Because we hold that it was improper for the sentencing court to rely on the victim's consent as a mitigating factor supporting the conclusion that there were substantial and compelling reasons to depart from the presumptive sentence, we do not know whether the sentencing court would have imposed the same departure sentence based only on the fact that the crimes here involved the same victim, within a short time frame, and in a limited geographical area. Accordingly, we remand for resentencing. *State v. Talamantes*, 134 Or App 166, 169, 894 P2d 1182 (1995); *State v. Rodriguez*, 113 Or App 696, 699, 833 P2d 1343 (1992).

Sentences vacated; remanded for resentencing; otherwise affirmed.