Argued and submitted April 12, sentence vacated; remanded for resentencing; otherwise affirmed May 16, petition for review denied July 24, 2007 (343 Or 160)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CHE ALLAN LOE,
*Defendant-Appellant.*

Washington County Circuit Court
C020058CR; A124656

159 P3d 336

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer & French LLP.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was tried by jury and convicted of first-degree manslaughter. ORS 163.118. On appeal, defendant argues that the trial court erred in admitting into evidence at trial certain statements that he had made to his father, and in imposing a departure sentence based on judicial factfinding. We reject without discussion defendant's evidentiary challenge. Although the sentencing error that defendant raises is unpreserved, we conclude that the error is apparent on the face of the record, exercise our discretion to address it, and therefore remand for resentencing.

At sentencing, the court imposed an upward departure sentence of 190 months based on judicial findings that defendant was on parole and pretrial release when the crime was committed, and that the sentence would ensure the security of the public. Defendant asserts that an enhanced sentence based on such judicial factfinding violates the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We agree. Defendant is entitled to resentencing because the court imposed an upward departure sentence based on facts not found by the jury or admitted by defendant.

Although defendant's challenge to his sentence is unpreserved, in *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), *adh'd to on recons*, 207 Or App 1, 139 P3d 981, *rev allowed*, 342 Or 256 (2007), we held that the imposition of the departure sentence under similar circumstances constituted plain error. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.