Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed January 21, petition for review denied April 8, 2009 (346 Or 158)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GREGORY WILLIAM VANDERVORT,
*Defendant-Appellant.*

Grant County Circuit Court
0207244CR1; A125063

201 P3d 260

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Vandervort*, 207 Or App 433, 142 P3d 482, *rev den*, 341 Or 579 (2006) (*Vandervort I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Vandervort*, 345 Or 316, 195 P3d 64 (2008). In *Vandervort I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that the victim was particularly vulnerable, that the harm was greater than typical, and that defendant had engaged in "repetitive conduct." That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Vandervort I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree arson and first-degree burglary after he broke into the victim's home with the intent to commit a theft and then burned the home to the ground, destroying nearly all of the victim's personal property. The trial court imposed a durational departure sentence of 60 months' probation on the burglary conviction. In its written judgment, the court explained that it had imposed the departure sentence because the "harm [was] greater than normal, victim particularly vulnerable, repetitive conduct—each sufficient on its own."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court

reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the departure factors relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

Because it is dispositive, we address only the departure factor of greater than typical harm.[1] We readily conclude that there is no legitimate debate that the jury would have found that the harm that the victim suffered—loss of her home and nearly all of her possessions to fire—was greater than the typical harm contemplated by the legislature when it established the presumptive sentence for first-degree burglary. *See State v. Rhoades*, 210 Or App 280, 285, 149 P3d 1259 (2006) ("In determining whether a factor constitutes a substantial and compelling reason for departure, we look at whether 'exceptional circumstances [exist that] overcome the presumption that the [presumptive] sentence accomplishes the purposes of the guidelines.'") (quoting *State v. Parsons*, 135 Or App 188, 191, 897 P2d 1197, *rev den*, 322 Or 168 (1995)). Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.

---

[1] That factor is dispositive because, as noted, the trial court stated in its written judgment that any of the factors it enumerated was sufficient, individually, to support its decision to impose a durational departure sentence.