Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 21, petition for review denied March 26, 2009 (346 Or 116)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ZACHARY SCOTT,
*Defendant-Appellant.*

Lane County Circuit Court
200215828; A121454

201 P3d 262

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Scott*, 200 Or App 715, 117 P3d 314 (2005) (*Scott I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Scott*, 345 Or 316, 195 P3d 63 (2008). In *Scott I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on a judicial finding that the victim was particularly vulnerable. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude we did not properly exercise our discretion in *Scott I*. Accordingly, we now affirm.

Defendant was convicted of five counts of sodomy in the third degree. The trial court imposed upward durational departure sentences on each conviction based on findings that the victim was unusually vulnerable and suffered greater than typical harm. The court also imposed consecutive sentences on three of the counts.[1] The court explained its decision as follows:

> "[The victim] was unusually vulnerable not only because he was a homeless person on the streets, a mere 14 years of age, but in addition to that, he'd previously been victimized by sexual abuse, and from what he has written, what his mother has written, what's in the presentence investigation, I think the harm to this young man is outside of and beyond that which is ordinarily contemplated by the guidelines."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under

---

[1] Defendant does not challenge the imposition of consecutive sentences.

circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the departure factors relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

In this case, the trial court did not indicate whether it was relying on the departure factors that it found singly or in combination. We therefore assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, a remand for resentencing may be warranted if any one of the factors that the trial court relied on is subject to debate.

We first consider the court's finding that the harm to this victim was greater than typical. The court based that finding on "what [the victim] has written, what his mother has written, what's in the presentence investigation." The letters from the victim and the victim's mother are not in the record on appeal. However, the presentence investigation report states that the victim had sustained "significant" emotional damage because he had been previously sexually abused and the trial "was a public rehashing of his problems." In his interview with the presentence investigator, the victim reported "depression" and "difficulty sleeping" brought about by "thinking about what happened to him." The report also discusses, in general terms, the impact that

sexual abuse can have on boys, noting that "research indicates boys who have been molested may experience especially difficult times." Finally, the report also notes that defendant knew about the victim's prior sexual abuse and had discussed it with him.

On that record, we conclude that there is no legitimate debate that the harm suffered by the victim was greater than the typical harm contemplated by the legislature when it established the presumptive sentence for third-degree sodomy. *See State v. Rhoades*, 210 Or App 280, 285, 149 P3d 1259 (2006) ("In determining whether a factor constitutes a substantial and compelling reason for departure, we look at whether 'exceptional circumstances [exist that] overcome the presumption that the [presumptive] sentence accomplishes the purposes of the guidelines.' ") (quoting *State v. Parsons*, 135 Or App 188, 191, 897 P2d 1197, *rev den*, 322 Or 168 (1995)). Here, defendant not only engaged in conduct sufficient to warrant a conviction for third-degree sodomy, he also acted with the awareness that the victim was a minor and had been previously sexually abused; likewise, the victim suffered not only the harm incident to the act of third-degree sodomy, but also suffered the greater harm of having that act committed by a person in whom he had confided his prior sexual abuse. That evidence was uncontroverted and, in our view, overwhelming. *See Ramirez*, 343 Or at 513-14 (holding that there is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor is "overwhelming").

We turn to the trial court's reliance on the victim's particular vulnerability. The trial court explained its finding that the victim was particularly vulnerable by noting that "not only was he a homeless person on the streets, a mere 14 years of age, but in addition to that, he'd previously been victimized by sexual abuse[.]" Uncontroverted evidence in the record revealed that defendant was introduced to the victim through defendant's codefendant, his girlfriend, who had met the victim as part of her work with homeless teenagers and that the victim was staying at the codefendant's residence when defendant abused him. As the presentence investigation writer noted, the victim had developed "some relationship of trust * * * with the defendant" by virtue of that

relationship. We conclude that the evidence in the record of the victim's particular vulnerability was overwhelming. For the described reasons, we decline to exercise our discretion to reach the asserted sentencing error.

Affirmed.