Submitted on remand from the Oregon Supreme Court October 9, 2008, affirmed February 11, petition for review denied July 9, 2009 (346 Or 364)

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## THURMAN MICHAEL MITCHELL,
### *Defendant-Appellant.*

### Coos County Circuit Court
### 03CR1988; A124651

202 P3d 235

Peter Ozanne, Executive Director, Peter Gartlan, Legal Services Division, Chief Defender, and Bronson D. James, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Mitchell*, 206 Or App 586, 138 P3d 60 (2006), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Mitchell*, 345 Or 175, 190 P3d 1237 (2008). In *Mitchell I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Mitchell I* was erroneous. Accordingly, we affirm.

Defendant was convicted of attempted first-degree burglary, menacing, and telephonic harassment. The trial court imposed a durational departure sentence of 32 months' imprisonment on the attempted first-degree burglary conviction. The court gave the following reasons for the departure:

> "It will be the judgment of the court that on the Attempted Burglary you be sentenced to 32 months in the penitentiary. And, the Court's finding [of] persistent involvement in a similar—this was an attempt to commit an assaultive type offense. And, there are plenty of other assaultive type offenses in here that certainly justify a departure. Your criminal history isn't even of itself adequately reflected in the guidelines, 23 convictions. So, there's another reason to depart.
>
> "* * * [Y]our criminal record isn't truly reflected in these guidelines because it doesn't take into account all the nonperson felonies. It just looks at—it just looks at the person misdemeanors that you've got eight of those, seven at least which puts you over there.
>
> "So I'm going to sentence you to 32 months which is a double departure—double the sentence that the guidelines call for what we're allowed to do."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

■ The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied on by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and we therefore assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if either of the factors relied on by the trial court is subject to legitimate debate.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

"In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or

more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* (brackets in original). There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing not only must establish that the defendant had two or more prior convictions, but also must support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, we conclude that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. Defendant was convicted of attempted first-degree burglary after he broke into a dwelling with the intent to commit the offenses of menacing and harassment therein. Among defendant's 23 prior convictions were four convictions for assault in the fourth degree in 1993 and a fifth conviction for the same offense in 2003. Defendant was sentenced in this case in 2004. That evidence is overwhelming in terms of both the number and the frequency of defendant's prior convictions for similar offenses and thus compels the inference that defendant possessed the requisite "persistence" to justify imposition of a departure sentence.

We turn to the second departure factor, that defendant's "criminal history of itself isn't even adequately reflected in the guidelines[.]" Read in the context of the colloquy between the court and defendant regarding defendant's extensive criminal history, it is apparent that the court believed that a criminal history score of "A" (requiring

three "person" felonies) on the sentencing grid did not adequately reflect the seriousness of defendant's criminal history, which consisted of 23 convictions over a 22-year period. As the court told defendant:

"Do you know how many people actually come into this Court in the 'A' category? Maybe a handful. I mean, you are in the worst category. * * *

"* * * * *

"* * * You have a conviction for every year of your life since age 18 if you average it out."

The departure factors set out in the sentencing guidelines are nonexclusive and where, as here, a court relies on reasons not set out in an enumerated departure factor, "[t]he key question [becomes] whether the stated reasons constitute substantial and compelling reasons to depart from the presumptive sentence." *State v. Rhoades*, 210 Or App 280, 285, 149 P3d 1259 (2006). "In determining whether a factor constitutes a substantial and compelling reason for departure, we [examine] whether 'exceptional circumstances [exist that] overcome the presumption that the [presumptive] sentence accomplishes the purposes of the guidelines.'" *Id.* at 284-85 (citing *State v. Parsons*, 135 Or App 188, 191, 897 P2d 1197, *rev den*, 322 Or 168 (1995)). In the context of deciding whether to exercise our discretion under *Ramirez*, the pertinent inquiry becomes whether the evidence in the record supporting the trial court's finding of exceptional circumstances justifying departure is so "overwhelming" that "there is no legitimate debate" that those circumstances would have been found by the jury. *Ramirez*, 343 Or at 513.

On this record, we conclude that there is no legitimate debate that the jury would have found that defendant's criminal history was not adequately captured by his classification as a category "A" offender. To qualify as a category "A" offender, the offender's criminal history must include "three or more person felonies in any combination of adult convictions or juvenile adjudications." OAR 213-004-0007. Here, defendant had four person felonies, as well as eight Class A misdemeanor person crimes, which, for purposes of the sentencing grid, are considered equal to four person felonies.

OAR 213-004-0008. Thus, defendant had nearly three times the number of required crimes to justify his placement in category "A," as well as another 11 convictions that were not taken into account in the grid calculation. The evidence of defendant's criminal history was uncontroverted, and, in our opinion, overwhelming. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.