Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, petition for review denied July 9, 2009 (346 Or 364)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHN ALLEN ROBERTSON,
*Defendant-Appellant.*

Coos County Circuit Court
02CR1795; A122733

203 P3d 234

Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Robertson*, 205 Or App 549, 134 P3d 1112 (2006) (*Robertson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Robertson*, 345 Or 316, 195 P3d 63 (2008). In *Robertson I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for burglary in the first degree based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise discretion to correct the error. Accordingly, we affirm.

Defendant was convicted of first-degree burglary and second-degree assault, as well as several other offenses not at issue on appeal. The convictions arose from an incident in which defendant entered his former girlfriend's home and hit her multiple times with a pole. The record indicates that defendant has committed numerous crimes against the same victim in the past. At sentencing, the court imposed an upward departure sentence of 144 months on the burglary conviction, and a consecutive mandatory minimum sentence of 70 months on the assault conviction. In support of the departure sentence, the court made numerous findings, stating that any of them independently would support the imposition of the departure sentence.

On appeal, defendant argues that the imposition of departure sentences violated his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Given that judicial factfinding supported the imposition of the departure sentence, we agree with defendant that there is error apparent on the face of the record. ORAP 5.45.

The question on remand is whether we should exercise our *Ailes* discretion to correct the plain error committed with respect to the imposition of the departure sentence. For the reasons that follow, we determine that we should not exercise our *Ailes* discretion and remand for resentencing.

One fact to be considered under *Ailes* is the competing interests of the parties. 312 Or at 382 n 6. In *Ramirez*, the court, weighing the competing interests of the parties, concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record * * * that the victim lost her right eye as a result of being shot in the head." 343 Or at 513. The court emphasized that, if there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the sentencing error. *Id.*

Given the trial court's conclusion that any finding alone would support the departure sentence, *see State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992), we focus solely on one of the bases on which the court relied in imposing the departure sentence—*viz.*, that defendant's criminal history score did not accurately reflect the extent of his criminal history. Without belaboring the point and engaging in a protracted description of the exact nature of defendant's many past crimes, suffice it to say that he had nine prior felonies and 25 prior Class A misdemeanors: Eight of the felonies were "person" felonies, and 11 of the Class A misdemeanors were "person" misdemeanors. Under the guidelines, the highest criminal history score is "A," which requires only three "person" felonies.[1] In short, defendant had more than four times the criminal history required to earn the highest criminal history score. *See State v. Mitchell*, 225 Or App 538, 202 P3d 235 (2009) (same).

Although other factors may properly bear on the decision whether to exercise our discretion, *Ailes*, 312 Or at 382 n 6, we conclude that, under these circumstances, the

---

[1] Two "person" misdemeanors are counted as a "person" felony, as well. *See* OAR 213-004-0008.

interests of the parties factor is decisive. Given that the factual predicate for the court's determination that defendant's criminal history score did not adequately reflect the extent of his criminal history is not subject to legitimate debate, we decline to exercise our discretion in this case to remand the case for resentencing.

Affirmed.