Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed April 15, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHE ALLAN LOE,
*Defendant-Appellant.*

Washington County Circuit Court
C020058CR; A124656

206 P3d 277

Jason E. Thompson and Ferder Casebeer French & Thompson, LLP, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Loe*, 212 Or App 701, 159 P3d 336 (2007) (*Loe I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Loe*, 345 Or 315, 195 P3d 63 (2008). In *Loe I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Loe I* was correct. Accordingly, we again remand for resentencing.

■ Defendant was convicted of manslaughter, and the trial court imposed a durational departure sentence of 190 months' incarceration. The court gave the following reasons for its decision to impose the departure sentence:

> "First of all, that the offense was committed on parole and pretrial release. And, also, the sentence is necessary to secure the security of the public."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to "legitimate debate." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

■ Because it is dispositive, we examine only the trial court's decision to depart on the basis that an increased sentence was required to secure the safety of the public. The court observed that defendant's history of reacting violently

to perceived slights, as demonstrated by both his current offense and his prison disciplinary record, made it likely that defendant would reoffend if not incarcerated for a substantial period. The departure factors set out in the sentencing guidelines are nonexclusive and where, as here, a court relies on reasons not set out in an enumerated departure factor, "[t]he key question [becomes] whether the stated reasons constitute substantial and compelling reasons to depart from the presumptive sentence." *State v. Rhoades*, 210 Or App 280, 285, 149 P3d 1259 (2006). "In determining whether a factor constitutes a substantial and compelling reason for departure, we look at whether 'exceptional circumstances [exist that] overcome the presumption that the [presumptive] sentence accomplishes the purposes of the guidelines.'" *Id.* at 284-85 (quoting *State v. Parsons*, 135 Or App 188, 191, 897 P2d 1197, *rev den*, 322 Or 168 (1995) (brackets in original)). In the context of deciding whether to exercise our discretion under *Ramirez*, the pertinent inquiry becomes whether the evidence in the record supporting the trial court's finding of exceptional circumstances justifying departure is so "overwhelming" that "there is no legitimate debate" that those circumstances would have been found by the jury. *Ramirez*, 343 Or at 513.

We note at the outset that all *presumptive* sentences that include incarceration are calculated, at least, in part, to "secure the security of the public." *See* OAR 213-002-0001. Consequently, a *departure* sentence based on that consideration must be predicated on a determination by the trier of fact that, in the totality of the defendant's circumstances, the statutorily prescribed sentence will be inadequate to protect the public. Given the innately qualitative character of that assessment, that determination will be—except in the most extreme cases—subject to "legitimate debate." This is not such an extreme case. On this record, although a trier of fact could reasonably make the requisite finding—that is, that the 120-month statutorily prescribed sentence will be inadequate to "secure the security of the public"—it would not *necessarily* do so. Accordingly, there is "legitimate debate" as to this departure factor. Further, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the

departure sentence in this case increased defendant's incarceration term by 70 months. Accordingly, we exercise our discretion to reach the assigned error.

Remanded for resentencing; otherwise affirmed.