***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 21, 2022, affirmed May 10, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN CHARLES DERRICK,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR57132, 20CR55721;
A175657 (Control), A175658

Jeffrey S. Jones, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J

Affirmed.

**HELLMAN, J.**

Defendant appeals the trial court's imposition of an upward departure sentence. For the reasons below, we affirm.

Defendant was convicted after a jury trial of failure to perform the duties of a driver to injured persons, ORS 811.705, based on an incident in which defendant struck and killed a pedestrian and drove away. The trial court sentenced him to an upward durational departure of 42 months in prison under OAR 213-008-0002(1)(b)(D), based on a finding that defendant was persistently involved in similar offenses. The record contained evidence that defendant had previously been convicted of approximately 20 motor vehicle offenses, including reckless driving, attempting to elude police officers in a motor vehicle, and multiple violations for driving while suspended and speeding.

In his assignment of error, defendant argues that the trial court erred in imposing the upward departure sentence. We disagree.

"We review to determine whether the court's findings of fact and reasons justifying the departure are supported by the evidence in the record and constitute substantial and compelling reasons to depart as a matter of law." *State v. Davilla*, 280 Or App 43, 59, 380 P3d 1003 (2016) (quoting *State v. Watkins*, 146 Or App 338, 340, 932 P2d 107, *rev den*, 325 Or 438 (1997)). Defendant does not challenge the trial court's legal determination that there were substantial and compelling reasons to depart. Instead, his challenge is limited to the trial court's factual finding that his prior offenses were sufficiently similar to the current offense.

Whether offenses are sufficiently similar involves an examination of a defendant's underlying criminal conduct. *State v. Cornelius*, 112 Or App 98, 100, 827 P2d 937, *rev den*, 314 Or 176 (1992). The trial court found that defendant's past conduct underlying his prior convictions and his conduct in the instant case both involved "driving when he

shouldn't have been driving," which resulted in criminal lia-
bility. The record supports that finding.

Affirmed.