Submitted on record and briefs March 24, sentences vacated; remanded for resentencing; otherwise affirmed May 3, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JOHN BRADLEY KNIGHTON,
*Appellant.*

C040098CR; A126106

134 P3d 1111

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a trial to a jury, defendant was convicted of first-degree burglary, first-degree theft, identity theft, and first-degree forgery. On appeal, he argues that the trial court erred in imposing a 48-month durational departure sentence on the conviction for first-degree burglary and a six-month dispositional departure sentence on the conviction for one of the counts of first-degree theft.

Defendant argues that the durational departure sentence and the dispositional departure sentence—both of which were based on aggravating facts that were not admitted by defendant nor found by a jury—violated the principles enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Although defendant did not advance such a challenge below, he argues that the sentences should be reviewed as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), the sentences are plainly erroneous. For the reason set forth in *Ramirez*, we exercise our discretion to correct the error.[1]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] The state argues that any error regarding the six-month sentence is harmless and, in addition, the issue is moot. Because we must remand the entire case for resentencing as a result of the imposition of the 48-month sentence, ORS 138.222(5), we do not address those arguments.