Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed February 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN BRADLEY KNIGHTON,
*Defendant-Appellant.*

Washington County Circuit Court
C040098CR; A126106

203 P3d 256

Peter Gartlan, Chief Defender, Appellate Division, and
Eric Johansen, Senior Deputy Public Defender, Office of
Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Knighton*, 205 Or App 553, 134 P3d 1111 (2006) (*Knighton I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Knighton*, 345 Or 315, 195 P3d 63 (2008). In *Knighton I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that the victim was particularly vulnerable. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Knighton I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree theft; first-degree theft by receiving; identity theft; first-degree forgery; and first-degree burglary. Defendant broke into the apartment of his 34-year-old neighbor while the neighbor was in the hospital. Defendant knew of the victim's hospitalization and believed that the victim was either very ill or had died. The trial court imposed a durational departure sentence of 48 months' imprisonment on the first-degree burglary conviction. The court gave the following reasons for its departure:

> "Clearly, this case has the aggravating factor of the vulnerability of the victim. Whether an actor, such as the defendant, wouldn't have done exactly what the situation was, whether [the victim] was old or young or had whatever kind of illness, but instinctively that this person would be someone that would be easy to steal from because of their circumstances and, of course, they were right, and so I do find that the aggravating factor of the vulnerability of the victim does apply to this case completely."

The question is whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the

departure factor relied upon by the trial court. *Cf. Ramirez,* 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In order for there to be "no legitimate debate" about the existence of a departure fact, the evidence in support of that fact must be "overwhelming." *See Ramirez,* 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). On this record, we cannot say that there is no legitimate debate that the jury would have found the victim to have been particularly vulnerable. Although the victim was in ill health at the time defendant burglarized his apartment and purloined his identity, the victim was not present when the crimes took place; indeed, the victim was in the hospital. And, although the victim's ill health did lead to his home being unoccupied when defendant committed his crimes, the same is true for any victim of a residential burglary that occurs during that victim's hospitalization. *Cf. State v. Scott,* 225 Or App 312, 316, 201 P3d 262 (2009) (no legitimate debate that the jury would have found the victim to be particularly vulnerable based on relationship of trust between defendant's girlfriend and the victim, and that victim was living at the girlfriend's house, which had provided the opportunity for defendant to commit his crimes). In short, because the evidence is not so "overwhelming" as to establish the *particular* vulnerability of *this* victim, we cannot say that the jury in this case lacked a legitimately debatable choice between imposing the presumptive sentence or a departure sentence. *Cf. State v. Heath* 226 Or App 242, 244, 203 P3d 242 (2009) (no legitimate debate that the jury would have found that a five-month old child who suffered cracked ribs at the hands of her father was a vulnerable victim).

Also as relevant to our exercise of discretion, the gravity of the error in this case is not trivial. *Ailes,* 312 Or at 382 n 6. Imposition of the departure sentence increased defendant's term of incarceration by 23 months. For both of

those reasons, we exercise our discretion to correct the trial court's error.

Remanded for resentencing; otherwise affirmed.