Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, petition for review denied April 22, 2009 (346 Or 184)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JOSHUA G. HEATH,**
*Defendant-Appellant.*

Yamhill County Circuit Court
CR020009A; A120233

203 P3d 242

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Heath*, 201 Or App 92, 116 P3d 930 (2005) (*Heath I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Heath*, 345 Or 315, 195 P3d 63 (2008). In *Heath I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Heath I* was erroneous. Accordingly, we affirm.

Defendant was convicted of second-degree assault and three counts of first-degree criminal mistreatment after he broke the arm and several ribs of his five-month-old daughter. On the first criminal mistreatment count, the court imposed a durational departure sentence of 42 months' imprisonment to run consecutively to the 70-month sentence that it imposed on the second-degree assault conviction. On the second criminal mistreatment count, the court imposed a 50-month sentence, also to be served consecutively; and on the third criminal mistreatment count, the court imposed a 25-month sentence to be served concurrently with the 70-month sentence. The trial court gave the following reasons for its departure:

> "I find that there are three aggravating factors. One of them is that the victim was particularly vulnerable. It's hard to imagine a victim being any more vulnerable than this five-month-old baby girl.
>
> "Secondly, that there's a violation of trust."

The third aggravating factor that the court referred to was defendant's persistent involvement in similar offenses, which the court relied on in imposing the departure sentence on the

second criminal mistreatment count. The court stated that any of the departure factors it found would be independently sufficient to support its decision to depart.

Because it is dispositive, we begin and end with the trial court's decision to depart based on the particular vulnerability of the victim.[1] The victim was defendant's five-month-old daughter for whom he was caring at the time he squeezed her chest with sufficient pressure to fracture several of her ribs. The victim also suffered a broken arm at the hands of defendant. On this record, we readily conclude that there is no legitimate debate that the jury would have found that the victim was particularly vulnerable. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.

---

[1] It is dispositive because the trial court stated, on the record, that any of the three aggravating factors it found would support its decision to depart.