Argued and submitted August 26, affirmed October 26, appellant's motion for reconsideration filed November 1, 1994, allowed by opinion February 22, 1995
See 133 Or App 191 (1995)

STATE OF OREGON,
*Respondent,*

*v.*

MECHA LADON WILLIAMS,
*Appellant.*

(10-92-09756B; CA A81447)

883 P2d 918

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of felony murder, unauthorized use of a motor vehicle and burglary in the first degree. ORS 163.115; ORS 164.135; ORS 164.225. The victim was an elderly man who lived in a rural area. Defendant, along with two other persons, went to that area late one night in order to commit a robbery or burglary. They stopped at the victim's home and lured him outside on a pretext of car trouble. When the victim looked under the hood of defendant's car, one of defendant's companions sneaked behind him and struck him repeatedly with a pipe. He was robbed of $42 and the keys to his house and car. He later died from his injuries.

The court imposed departure sentences on the conviction for felony murder and unauthorized use of a motor vehicle. It indicated that the aggravating factors "individually indicate that a departure is warranted." Defendant challenges four of the five aggravating factors given by the trial court to support the departure terms.[1]

We do not address defendant's assignments of error. Under ORS 138.222(5), we must remand for resentencing when we determine "that the sentencing court, in imposing a sentence in the case, *committed an error that requires resentencing* * * *." (Emphasis supplied.) Even assuming that we agreed with all of defendant's arguments, she has not assigned error to the finding that one aggravating factor was the victim's vulnerability because of his age and hearing impairment. Neither the statutes nor the sentencing guidelines limits the trial court's discretion in imposing departure sentences to more than one aggravating factor. The record shows that the court would have imposed the departure sentence on the vulnerability finding alone. There is no error that requires remand. *See State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992).

Affirmed.

---

[1] Defendant argues only that the court erred in finding the departure factors. She does not contend that those factors could only apply to the sentence on her conviction of murder. We note that the departure sentence on the unauthorized use of a motor vehicle is to be served concurrently to her sentence on the murder conviction.