## STATE OF OREGON,
*Respondent,*

*v.*

## MECHA LADON WILLIAMS,
*Appellant.*

(10-92-09756B; CA A81447)

891 P2d 3

Jesse Wm. Barton, Deputy Public Defender, for motion.

Before Riggs, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

We allow defendant's motion for reconsideration of our opinion, 131 Or App 85, 883 P2d 918 (1994), and adhere to it.

Defendant was convicted of murder and, on appeal, assigned error to four of the five aggravating factors used by the court in imposing a departure sentence. We held that, even assuming that we agreed with defendant's assignments, because defendant did not challenge one of the factors, the case did not require remand.

Defendant contends that our holding was based on a factual error. ORAP 6.25(1). She argues:

> "[Defendant's] quarrel is with this court's statement that the trial court 'would have imposed *the* [240-month] departure sentence on the vulnerability finding alone.' [*State v.*] *Williams*, [*supra*, 131 Or App at 87.] (Emphasis added.)

> "The trial court said it would have based ' "*a* departure" ' on a single factor. In this context, the word ' "a is an [i]ndefinite article functioning as an adjective. 1. Used before nouns and noun phrases that denote a single, *but unspecified*, person or thing[.]" ' *The American Heritage Dictionary of the English Language* 1 (1978) (emphasis added). Thus, when the trial court said it would impose *a* departure based on a single factor, it effectively said it would impose a departure *of unspecified duration* based on a single factor.

> "According to this court, however, the trial court did not say it would base *a* departure on a single factor. According to this court, the trial court said it would base ' "*the* departure" ' on a single factor. *Williams*, [131 Or App at 87] (emphasis added). In this context, the word ' "the" ' is a ' "definite article, functioning as an adjective. It is used: 1. Before singular or plural nouns and noun phrases that denote *particular* specified persons or things." ' *American Heritage Dictionary* at 1333 (emphasis added). Thus, when this court credited the trial court with having said it would base ' "*the* departure" ' on a single factor, it effectively credited the trial court with saying that it would base *the same, 240-month departure sentence* on a single factor."

We do not dispute defendant's definitions, but do not agree that, in this instance, they demonstrate that we made a factual error. The definition of a word does not always capture

the word's meaning. Meaning also depends on context.[1] Here, the context of the court's statement that the aggravating factors "individually indicate that a departure is warranted" was the prosecuting attorney's request:

> "I think it is real important [that when] your Honor gives the departure sentence, that these grounds aren't lumped together. The conference at the Attorney General's office told the importance of relying on each of these factors separately and distinctly to find the basis for the particular departure, if they in fact do constitute grounds for departure as I believe. That way, if three of the four grounds are found to be good by the Court of Appeals, the case is good. If the departure grounds are relied on as a lump sum the case has to come back for sentencing, even though the Court initially intended that each ground would separately and distinctly be grounds for a departure sentence."

After hearing defendant's arguments, the court concluded:

> "There is a request for departure, and I agree that a departure is appropriate. And I think the grounds set out by the District Attorney individually, indicate that a departure is warranted. * * *
>
> "* * * * *
>
> "These are each individually substantial and compelling grounds for the departure."

In another context, defendant's distinction between the indefinite and definite article might be persuasive. Here, it is not. The court's statement was in response to the prosecuting attorney's argument. The context shows that the court would have imposed the same departure based on a single factor.

Defendant argues that a consequence of our decision is that, in order to try to avoid having departure sentences affirmed, appellate counsel will be forced to assign error to all departure factors—even those that are clearly valid. Defendant contends that that increases everyone's workload and leads to an unsound appellate strategy.

However, it would be an analogous waste of judicial resources to address every assignment of error if the record

---

[1] Context means "the parts of a discourse that surround a word or passage and can throw light on its meaning." *Webster's New Collegiate Dictionary* 245 (1976).

shows that the trial court determined that the same departure sentence would be imposed even if only one aggravating factor existed. Unaer ORS 138.222(5), we must remand for resentencing only when we "determine[] that the sentencing court * * * committed an error that requires resentencing * * *." On a record that shows that the trial court treated each factor as individually supporting the sentence imposed, there is nothing to remand if one factor is valid — either because the parties admit that it is or we so conclude.[2]

■     What defendant really seeks is proportional use of aggravating factors.[3] The legislature has not enacted rules requiring a court to explain whether one factor figures more strongly than another in the sentence imposed, or even requiring that a departure sentence be supported by more than one aggravating factor. We adhere to our holding that there is no sentencing error here that requires a remand.

Reconsideration allowed; opinion adhered to.

---

[2] Here, for example, defendant has assigned error to the trial court's finding as an aggravating factor that she committed the murder while on probation for six other crimes. She acknowledges that we have upheld departure sentences based on the offender's probation status, *see, e.g., State v. Berg*, 115 Or App 254, 838 P2d 73 (1992), *rev den* 315 Or 312 (1993), but distinguishes those cases because the defendants were on probation when the new crime was committed, and the new crime also had a probationary presumptive sentence. Defendant's contention is that those cases warranted *dispositional* departures, but here, where the presumptive sentence for murder is imprisonment, the factor does not support a *durational* departure. That argument is not persuasive. Our holdings were not dependent on whether the departure was durational or dispositional, but rather on the defendants' disregard for any laws and inability to be deterred from committing new criminal activity. Even ignoring that defendant did not challenge one factor, our conclusion that that aggravating factor is valid supports the departure sentence on this record and would render unnecessary any consideration of defendant's other assignments.

[3] Defendant argues:

"Consider this. The court gave defendant a 240-month departure term. Her presumptive maximum was 134 months, so the departure component of her sentence was 106 months ($240 - 134 = 106$). Assuming that the trial court gave equal weight to its five aggravating factors, each factor was worth about 21 months of the departure component (21.2 months, to be exact ($106 \div 5 = 21.2$)). Therefore, if the court had only a single factor with which to work, it would have imposed only a 155-month sentence ($134 + 21 = 155$)."