On appellant's motion for reconsideration filed January 9, reconsideration allowed;
decision (131 Or App 363, 884 P2d 1231) withdrawn; affirmed February 22, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM EDGAR FENNERN,
*Appellant.*

(93-800; CA A81885)

891 P2d 2

Richard L. Wolf for motion.

Before Riggs, Presiding Judge, and De Muniz and Leeson,
Judges.

De MUNIZ, J.

.

**De MUNIZ, J.**

We affirmed without opinion defendant's appeal from the sentence imposed after he pled guilty to five counts of sodomy in the third degree pursuant to a plea agreement that did not include an agreement as to the imposition of sentence. 131 Or App 363, 884 P2d 1231 (1994). We allow defendant's motion for reconsideration, *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), withdraw our decision and, on reconsideration, affirm.

Defendant challenges the departure sentence imposed on his conviction on Count VII. The court found aggravating factors of permanent injury to the victim, OAR 253-08-002(2)(b)(I), and that the degree of harm or loss was significantly greater than is typical for such an offense. OAR 253-08-002(2)(b)(J). Defendant contends that the court did not give reasons to support its conclusions as to why the two factors apply and, additionally, that OAR 253-08-002(b)(J) is unconstitutionally vague and overbroad.

■■ The victim is a minor male. Defendant argues that the only substantiation for permanent injury is the victim's statement that he views everyone he now meets as gay or lesbian. Defendant contends that there is nothing in the record to support the conclusion that the victim's outlook will be permanent and that such a conclusion must be based on more than an inference. Defendant gives no authority for that proposition. The guidelines do not preclude a sentencing court from drawing inferences based on the evidence before it. Here, the trial court relied on "statements in the presentence investigation which clearly indicate [the victim's] entire attitude towards adults has been changed as a result of this." Evidence from the victim, the victim's mother and the presentence investigation report support the court's finding of permanent injury.

Because we conclude that the court did not err in relying on the aggravating factor of permanent injury, we need not address defendant's arguments regarding OAR 253-08-002(2)(b)(J). The trial court specifically held that either factor would support the departure sentence it imposed. Consequently, there is no sentencing error that

requires remand. *State v. Williams*, 133 Or App 191, 891 P2d 3 (1995).

Reconsideration allowed; decision withdrawn; affirmed.