Argued and submitted July 31, 2000, conviction affirmed; remanded for resentencing May 23, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL WAYNE WOLFF,
*Appellant.*

20-98-17720; A104277

27 P3d 145

Peter Gartlan, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Thomas C. Patton, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Warren, S. J.

## WOLLHEIM, J.

■ Defendant appeals his sentence for hindering prosecution. ORS 162.325.[1] He contends that the trial court erred when it imposed an upward dispositional departure sentence.[2] "We review to determine whether the court's findings of fact and reasons justifying the departure are supported by the evidence in the record and constitute substantial and compelling reasons to depart as a matter of law. ORS 138.222(3)[.]" *State v. Watkins*, 146 Or App 338, 340, 932 P2d 107, *rev den* 325 Or 438 (1997); *see also State v. Wilson*, 111 Or App 147, 151, 826 P2d 1010 (1992) ("[W]e review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines."). We remand for resentencing.

In September 1998, the victim, defendant, Earl Carnahan, and Gregory Faulkner were drinking beer at a campsite near Veneta, Oregon. At some point that evening, Carnahan pulled out a knife and stabbed the victim several times. After the victim fell to the ground, Carnahan and Faulkner kicked and beat the victim. Defendant did not participate in either the stabbing or the beating but stood by and watched. After Carnahan and Faulkner stopped beating the victim, defendant helped Faulkner drag his body into a nearby area of overgrown brush. Defendant and Faulkner then removed some of the victim's clothing and stole some

---

[1] ORS 162.325 provides, in part:

"(1) A person commits the crime of hindering prosecution if, with intent to hinder the apprehension, prosecution, conviction or punishment of a person who has committed a crime punishable as a felony, or with the intent to assist a person who has committed a crime punishable as a felony in profiting or benefiting from the commission of the crime, the person:

"* * * * *

"(e) Suppresses by any act of concealment, alteration or destruction physical evidence which might aid in the discovery or apprehension of such person; or

"(f) Aids such person in securing or protecting the proceeds of the crime."

[2] Defendant also argues that the state failed to plead the three aggravating sentencing factors in the sentencing instrument and prove them to a factfinder beyond a reasonable doubt. We do not address that issue because it was not preserved, and defendant conceded as much.

cash from his wallet. Subsequently, defendant obtained some clean clothes for both himself and Carnahan, whose clothes were covered in blood. Defendant was apprehended and confessed. Faulkner and Carnahan were arrested shortly thereafter. The victim died as a result of his injuries.

■ Defendant was indicted for hindering prosecution and pled guilty to that charge. No negotiations were made as to sentencing. When defendant entered a guilty plea, the state informed the court that it would ask for a departure sentence. At sentencing, both parties agreed that defendant was a grid block 6-I offender, which carried a presumptive probationary sentence. The trial court imposed an upward dispositional departure sentence of 18 months' imprisonment with 36 months' post-prison supervision. In doing so, the court cited three aggravating factors: (1) deliberate cruelty to the victim, OAR 213-008-0002(1)(b)(A); (2) permanent injury to the victim, OAR 213-008-0002(1)(b)(I); and (3) the degree of harm or loss attributed to the current crime of conviction was significantly greater than typical for such an offense, OAR 213-008-0002(1)(b)(J). In imposing the upward departure, the sentencing court reasoned that

> "the ultimate hindering prosecution, I suppose, is hindering the prosecution in aiding in the concealment of a homicide. It's certainly different than hiding out a thief or throwing away drugs. * * *.
>
> "I'm going to sentence you to a dispositional departure of 18 months based on aggravating factors [OAR 213-008-0002(1)(b)(A), OAR 213-008-0002(1)(b)(I), and OAR 213-008-0002(1)(b)(J)]. Post-prison supervision of three years."

Defendant appeals that departure sentence. He argues that the court erred when it utilized the "permanent injury to victim" and "deliberate cruelty to victim" sentencing factors because they are not relevant to the crime of hindering prosecution. He also argues that the court erred in utilizing the "greater harm than typical" sentencing factor.

A sentencing court may depart from a presumptive sentence when it has substantial and compelling reasons to do so. OAR 213-008-0001; *Watkins*, 146 Or App at 341. OAR 213-008-0002 provides a nonexclusive list of mitigating and aggravating factors a trial court may consider when deciding

to depart from the guidelines. When considering the aggravating and mitigating factors, ORS 137.090(1) provides that the court must consider:

"(a)  Any evidence received during the proceeding;

"(b)  The presentence report, where one is available; and

"(c)  Any other evidence relevant to aggravation or mitigation that the court finds trustworthy and reliable."

However, "[i]f the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." OAR 213-008-0001.

Here, the trial court did not make a finding that any one of the factors it found would suffice to support a departure. *State v. Williams*, 131 Or App 85, 87, 883 P2d 918 (1994), *adhered to on recons* 133 Or App 191, 891 P2d 3, *rev den* 321 Or 512 (1995). Thus, if the court erred in relying on any one of the factors, then we must remand for resentencing. *Wilson*, 111 Or App at 152.

The court found the aggravating factor of OAR 213-008-0002(1)(b)(I) resulted in permanent injury to the victim. The indictment charged defendant as follows:

"The defendant on or about the 24th day of September, 1998, in the county aforesaid, did unlawfully and with intent to hinder the apprehension, prosecution, conviction or punishment of a person who has committed a crime punishable as a felony, *suppress by an act of concealment, alteration or destruction [of] physical evidence* which might aid in the discovery or apprehension of such person and did aid such person in *securing or protecting the proceeds of the crime*[.]" (Emphasis added.)

Because Faulkner and Carnahan actually killed the victim, the fact that defendant concealed the victim's body, destroyed physical evidence, and secured proceeds of the crime by stealing money from the victim's body did not result in any permanent injury to the victim. Thus, the trial court erred in relying upon that factor to depart. Because it was error and the court did not indicate that any one factor alone would justify a departure, we remand for resentencing and need not

discuss the other two factors on which the sentencing court relied upon. We note, however, that to the extent the trial court on remand may choose to consider the applicability of departure factor J, it should do so in light of *State v. Allred*, 165 Or App 226, 995 P2d 1210 (2000).

Conviction affirmed; remanded for resentencing.