Argued and submitted August 27, 2009, remanded for resentencing; otherwise affirmed January 6, petition for review denied June 11, 2010 (348 Or 414)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LENIN CASTRO ENEMESIO,
aka Castro Enemesio Lenin,
aka Lenin Enemesio Castro,
*Defendant-Appellant.*

Hood River County Circuit Court
070043CR, 060040CR;
A136698 (Control), A137263

225 P3d 115

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

This is a criminal case in which defendant was convicted of second-degree assault, ORS 163.175, fourth-degree assault, ORS 163.160, strangulation, ORS 163.187, and coercion, ORS 163.275. Following a bench trial, the trial court merged the second- and fourth-degree assault convictions. On appeal, defendant assigns error to the trial court's rejection of his argument that the state did not present sufficient evidence to support his conviction for second-degree assault. We reject that assignment without discussion. Defendant also asserts that the trial court erred in imposing an upward departure sentence on the coercion conviction on the ground that the victim was particularly vulnerable. We agree with defendant on that point; accordingly, we affirm defendant's convictions, but remand for resentencing.

Because defendant was convicted of the charged offenses, we recount the facts in the light most favorable to the state, *State v. Johnson*, 345 Or 190, 192, 191 P3d 665 (2008), setting out only those facts that are relevant to the sentencing issue or that are necessary to provide context. One cold February night, when the victim stepped onto her back porch to retrieve some firewood, defendant grabbed her from behind. As he grabbed her, he said that, if she "told," he would "come back for [her] kids." It was that conduct that formed the basis for the coercion conviction. Defendant then assaulted and strangled the victim, which led to his other convictions.

In the indictment, the state alleged four aggravating sentencing factors that applied to all counts, including the coercion count: (1) that the crimes involved deliberate cruelty to the victim; (2) that defendant knew or had reason to know of the victim's particular vulnerability; (3) that defendant showed a lack of remorse; and (4) that defendant was on supervision at the time of the current crimes.

As noted, following a trial to the court, defendant was convicted of the crimes set out above. The only crime that is relevant to the issue we address on appeal is coercion, which is defined by ORS 163.275(1):

"A person commits the crime of coercion when the person compels or induces another person to * * * abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person * * * engages in conduct contrary to the compulsion or inducement, the actor or another will:

"(a) Unlawfully cause physical injury to some person[.]"

At sentencing, the state asked the court to impose an upward departure sentence on the coercion conviction. The state relied on, among other factors, OAR 213-008-0002(1)(b)(B): "The offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct." The state presented testimony from a detective who had investigated both the crimes in this case and a rape of the victim that had occurred about a year before these crimes were committed. The detective testified that he had interviewed defendant as a "person of interest" at the time of the earlier rape. Although another person was convicted of that crime, the point of the testimony was that, at the time he committed the crimes in this case, defendant was aware that the victim previously had been raped.

On cross-examination, defense counsel asked the detective about the victim's particular vulnerability:

"Q. —What is [the victim's] particular vulnerability?

"A. Her vulnerability? I don't understand, you know. Being home alone? You know, whether that's vulnerable or not, I don't know what you're getting at for sure.

"Q. Okay, so you're not aware of any particular condition that she was suffering regarding this [previous rape]?

"A. I'm sure it has a lasting effect on everybody—

"Q. No, I know, and I'm asking you specifically for [the victim]?

"A. Yeah. Not that I know of."

On redirect examination, the prosecutor attempted to elicit additional testimony that would support the "vulnerable victim" aggravating factor:

"Q. Well, Detective, in your training and experience, are you aware of the long lasting vulnerability or harm that is suffered by victims of sex crimes?

"A. Yes, I am.

"Q. And could you describe a little bit to the Court what your knowledge is with respect to that?

"A. Just that it's long lasting, and it has obviously various kinds of psychological and physical problems, that they can—you know, it can go on for years, you know, depending on the person and the kind of treatment that they get for those—you know, type of things."

Following argument, the prosecutor requested that the court find all four of the aggravating factors alleged in the indictment: "I'd ask the Court to use the aggravating factors, specifically two of the four aggravating factors, any two, but I'd still ask the Court to find that all four of the aggravating factors alleged are present in this case." Defense counsel argued that the state had failed to prove any of the aggravating factors, including the "vulnerable victim" factor. Defense counsel also argued for the application of at least one mitigating factor.

The trial court found that the state had proved the "vulnerable victim" factor beyond a reasonable doubt: "I will accept as an aggravating factor that [defendant] was aware that [the victim] was particularly vulnerable in that she had been subjected to a sexual assault at virtually the same place within the year before." The court also found that the state had proved the deliberate cruelty factor and the factor that defendant was on supervision at the time of the crimes. Based on finding one mitigating factor (that defendant cooperated with the prosecution) and three aggravating factors, the court imposed an upward departure sentence of 16 months' incarceration on the coercion conviction; the presumptive sentence for that crime is 36 months of probation. The court ordered that the sentence be served consecutively to the sentence imposed on the assault conviction.

■ On appeal, defendant argues that the state failed to prove that defendant knew or had reason to know that the victim was particularly vulnerable and that the vulnerability increased the harm or threat of harm caused by defendant's criminal conduct. Defendant acknowledges that he knew that the victim had been raped. But that, he argues, is not enough. He asserts that the state failed to adduce any evidence as to how the victim, in particular, was affected by the sexual assault. Moreover, he argues, the state was required to—but did not—prove that the particular vulnerability led to increased harm or threat of harm. Finally, defendant claims that the state failed to prove that the victim's vulnerability—to the extent that the state proved any such vulnerability—played a role in the offense. For the reasons explained below, we agree that the record does not support the departure factor relied on by the trial court.

As stated above, the relevant sentencing guidelines rule, OAR 213-008-0002(1)(b)(B), provides that a court may impose an upward departure sentence if the state proves that

"[t]he offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct."

That factor qualifies as an aggravating factor only when "the court determines that the offender's knowledge of or disregard for the victim's vulnerability increased the potential harm attributed to the offender's criminal conduct." *Oregon Sentencing Guidelines Implementation Manual* 130 (1989).

This court has explained that, for a trial court to use the "vulnerable victim" departure factor, the state must prove not only that persons in the victim's class generally may be more vulnerable than others, but that the victim in the specific case was particularly vulnerable. In *State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992), we applied that specificity principle in the context of a different aggravating factor, permanent injury:

"The court's explanation does not apply the factor to the facts. There is nothing that shows why or how *this* victim was injured. The court gave a general statement of the injury that results to juveniles, their families and society

> when juveniles are involved in prostitution. Even though the statement may be correct sociology, reliance on the injury factor for a departure must relate to the individual victim."

(Emphasis in original.) The *Wilson* court also considered the "vulnerable victim" factor and explained, "The [trial] court found that the victim was vulnerable 'because of her age.' OAR 2[1]3-[0]08-00[0]2(1)(b)(B) requires *'particular* vulnerability' (emphasis supplied) of the victim due to 'extreme youth.' The court did not explain why the victim's age, 18, satisfies that criterion or is otherwise an exceptional circumstance." *Wilson*, 111 Or App at 152 (footnote omitted). *Wilson* supports defendant's position that testimony about the vulnerability of crime victims generally, or even categories of crime victims, is insufficient, alone, to support an upward departure on the basis of the "vulnerable victim" aggravating factor.

As defendant argues, the state's proof and the trial court's application of the aggravating factor suffer from a number of deficiencies. Despite the prosecutor's attempt to elicit testimony from the detective that the victim in this case suffered from a particular vulnerability, the only testimony was that victims of sex crimes in general suffer "various kinds of psychological and physical problems." As noted, there is no evidence that the victim in this case suffered any such problems. The state's proof suffers from a final deficiency: Even assuming that the state established that the victim had a particular vulnerability, there is a complete lack of evidence that any such vulnerability led to increased harm or threat of harm, as required by the rule.

■   The trial court did not indicate whether it was relying on the departure factors that it found singly or in combination. We assume, therefore, that the court did not consider each factor to be independently sufficient to support a departure. *See State v. Lennon*, 225 Or App 318, 321, 201 P3d 264, *rev allowed*, 346 Or 361 (2009) (applying that presumption); *Wilson*, 111 Or App at 152 (same). In such a situation, we must remand for resentencing if the trial court incorrectly applied any single aggravating factor. That is the case here:

The trial court erred in imposing an upward departure sentence on the basis that the victim in the case was particularly vulnerable.

Remanded for resentencing; otherwise affirmed.