Submitted November 27, 2012, affirmed November 20, 2013, petition for review allowed March 14, 2014 (354 Or 840)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MICHAEL PAUL LYKINS,**
*Defendant-Appellant.*

Washington County Circuit Court
C100530CR, D101103M;
A146498 (Control), A146499

314 P3d 704

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction that included, among others, one count of tampering with a witness, ORS 162.285, assigning error to the trial court's imposition of an upward departure sentence of 48 months' incarceration on that count. Defendant contends that the trial court erred in concluding that both the state and the witness were particularly vulnerable victims for purposes of applying the "vulnerable victim" aggravating factor under OAR 213-008-0002(1)(b)(B).[1] Specifically, defendant argues that the state, not the witness, is the "victim" for purposes of the crime of tampering with a witness and that the legislature did not intend for the "vulnerable victim" aggravating factor to apply to the state. Defendant also contends that, even if the state could be considered a particularly vulnerable victim under that rule, there were not compelling reasons to depart from the presumptive sentence. The state responds that the witness is, in fact, the victim for purposes of the rule and that the state provided compelling reasons to depart.[2] For the reasons that follow, we agree with the state and, accordingly, affirm.

Because defendant was convicted, we summarize the facts in the light most favorable to the state and provide only those facts that are relevant to the sentencing issue. *State v. Enemesio*, 233 Or App 156, 158, 225 P3d 115,

---

[1] OAR 213-008-0002(1)(b)(B) provides:

"Subject to the provisions of sections (2) and (3) of this rule, the following nonexclusive list of mitigating and aggravating factors may be considered in determining whether substantial and compelling reasons for a departure exist:

"* * * * *

"(b) Aggravating factors:

"* * * * *

"(B) The offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct."

[2] In addition, the state asserts that defendant's argument that the state is not a particularly vulnerable victim is unpreserved and that, in all events, the trial court did not err in identifying the state as a vulnerable victim for purposes of OAR 213-008-0002(1)(b)(B). Given our disposition of the case, we need not address those arguments.

*rev den*, 348 Or 414 (2010). Defendant and the witness at issue, O'Connor, were in an intimate relationship in 2007 when defendant assaulted her. The police arrested him for the assault but, upon his release from jail, he returned to O'Connor's residence and assaulted her again. When she reported that assault to the police, defendant threatened to hurt her family unless she lied to the police about it, so she told police that she had fallen. Eventually, however, defendant went to prison for his crimes.

Upon his release from prison, defendant resumed his relationship with O'Connor, staying at her apartment from time to time. After several months, however, before leaving on a trip, O'Connor moved defendant's belongings onto the back porch and told defendant that she did not want him staying at her apartment anymore. When she returned from the trip to find that defendant had broken into her apartment, she called police. Defendant was again arrested and sent to jail.

Defendant called O'Connor three times from jail. In the first call, defendant pleaded with O'Connor to tell police that he had been living in the apartment with permission and told her to explain that she had reported him because she was having "delusions."

In the second call (about 10 minutes after the first), defendant asked O'Connor to tell police that she might have left the door open and might have authorized him to stay. He wanted them to "be together on this" in order to get him out of trouble. O'Connor became frustrated with defendant's attempts to persuade her to change her story and told defendant that she would not lie and that she was not a "crazy person." Defendant inquired about which psychiatric medications O'Connor was still taking and commented that she had stopped taking one of them the prior week. He asked O'Connor about which medications she was taking during a third call as well.

Defendant was charged with several crimes, including three counts of tampering with a witness. The jury found him guilty of two of those counts; verdicts on those counts were merged into a single conviction. At sentencing, the state sought an upward departure sentence based on,

among others, the vulnerable victim aggravating factor in OAR 213-008-0002(1)(b)(B). According to the state, defendant exploited O'Connor's psychological frailty in order to attempt to induce her to testify falsely. The state pointed to evidence of his phone calls to her from jail, in which he alluded to his knowledge of her physical limitations, mental health issues, and medications. According to the state, defendant was "clearly in a position [to know] that [O'Connor] was of a * * * mental and physical, fragile, or limited state during this time period and [defendant] took advantage of that * * *." Defendant argued in response that the state, and not the witness, is the "primary victim" in a witness tampering case and that O'Connor was not a victim at all, much less a vulnerable victim under the rule.

The court concluded in a letter ruling that both the state and O'Connor were "victims" for purposes of the rule and that the state had proved the "vulnerable victim" aggravating factor beyond a reasonable doubt. As to O'Connor, the court reasoned:

> "* * * O'Connor is * * * a victim because she suffered psychological and social harm as a result of [defendant's] attempts to pressure her. In both the jail telephone calls and her trial testimony, * * * O'Connor was obviously distraught over [defendant's] efforts to pressure and manipulate her. Based on years of manipulating and taking advantage of * * * O'Connor, [defendant] knew of her particular vulnerability. This vulnerability increased the threat * * * of harm to which * * * O'Connor was subject, both in the short term (being successfully manipulated into testifying falsely) and in the long term (continuing in the abusive relationship with [defendant])."

The court then imposed an upward departure sentence of 48 months' incarceration on the witness tampering conviction.

On appeal, defendant essentially renews his argument that neither the state nor O'Connor was a "victim" under the rule. In defendant's view, the rule's reference to a vulnerable victim must be to the "victim" for purposes of the substantive crime (here, tampering with a witness). We recently considered a similar argument in *State v. Teixeira*, 259 Or App 184, 313 P3d 351 (2013). There, the defendant asserted, in part, that "victim" for purposes of the "multiple victims"

aggravating factor under OAR 213-008-0002(1)(b)(G) is congruent with "the victim of the crime for purposes of ORS 161.067." *Teixeira*, 259 Or App at 187.[3] Thus, according to the defendant in that case, the "victim" for purposes of the sentencing guidelines is the person who is a victim within the meaning of the specific substantive statute defining the relevant offense. The state, on the other hand, asserted that "victim" for purposes of sentencing departures is defined by ORS 131.007, which provides:

> "As used in * * * ORS chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime * * *."

We concluded that the meaning of the term "victim" under the sentencing guidelines is broader than urged by the defendant, but "narrower than the meaning of 'victim' under ORS 131.007" urged by the state. *Teixeira*, 259 Or App at 192. Instead of adopting either of those constructions, we examined the text, context, and history of the rule and concluded that, for purposes of the sentencing guidelines, "a 'victim' is a person who is directly, immediately, and exclusively injured by the commission of the crime—not persons injured only by subsequent, additional criminal conduct." *Id.* at 199.

Here, we apply the definition of "victim" set forth in *Teixeira* in considering the vulnerable victim aggravating factor under OAR 213-008-0002(1)(b)(B). Based on that definition, we conclude that the trial court correctly concluded that O'Connor was a victim of witness tampering for purposes of the sentencing guidelines. In particular, as set forth above, the court concluded that O'Connor was a victim of defendant's crime because "she suffered psychological and social harm as a result of [defendant's] attempts to pressure her," she was "distraught over [defendant's] efforts to pressure and manipulate her," and her vulnerability increased the threat of harm to which she was subject, "both in the

---

[3] The crime at issue in *Teixeira* was burglary, and the "'victim' of a burglary for purposes of ORS 161.067(2) 'is the person who possesses *the property interest* violated.'" *Teixeira*, 259 Or App at 188 (quoting *State v. Sanchez-Alfonso*, 224 Or App 556, 564, 198 P3d 946 (2008), *rev den*, 346 Or 258 (2009) (emphasis in *Teixeira*)).

short term (being successfully manipulated into testifying falsely) and in the long term (continuing in the abusive relationship with [defendant])." Because O'Connor was "directly, immediately, and exclusively injured by the commission of the crime," *Teixeira*, 259 Or App at 199, she is a victim for purposes of the sentencing guidelines.

The question remains, however, whether the court's findings of fact and its reasons for justifying the departure are supported by evidence in the record and constitute substantial and compelling reasons for departure as a matter of law. ORS 138.222(3); *State v. Wolff*, 174 Or App 367, 369, 27 P3d 145 (2001).

We conclude that the trial court's explanation was sufficiently supported by the evidence in the record. Again, OAR 213-008-0002(1)(b)(B) provides that the court may impose an upward departure sentence if

"[t]he offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct."

As we explained in *Enemesio*,

"[t]hat factor qualifies as an aggravating factor only when 'the court determines that the offender's knowledge of or disregard for the victim's vulnerability increased the potential harm attributed to the offender's criminal conduct.' *Oregon Sentencing Guidelines Implementation Manual* 130 (1989)."

233 Or App at 161.

Here, the evidence in the record establishes that defendant and O'Connor were in an intimate relationship when defendant assaulted her and that he assaulted her again upon his release from jail. He contacted her several times from jail and made repeated attempts to persuade her to lie to police. Those efforts included questioning her mental health and whether she was taking her psychiatric medications. The evidence establishes that O'Connor was particularly vulnerable, given her psychiatric issues, and that she was distraught over defendant's attempts to pressure and manipulate her. Defendant's comments regarding her

mental health and medication establish that he was aware of her vulnerability; as the trial court noted, he had "years of manipulating and taking advantage of [her]." The court's findings and analysis are supported by the evidence and constitute substantial and compelling reasons for departure.

Affirmed.