Argued and submitted January 31, remanded for resentencing in part; otherwise affirmed July 1, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# WESLEY DALE CLARK,
*Appellant.*

## (903080; CA A67351)

833 P2d 1341

Alan H. Biedermann, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Cynthia A. Forbes, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant pled guilty to possession of a dangerous weapon with intent to use, ORS 166.220, being a felon in possession of a firearm, ORS 166.270, and assault in the fourth degree, a misdemeanor. ORS 163.160. He appeals the upward departure sentence imposed for possession of a dangerous weapon. We remand for resentencing.

■    To support the departure, the court relied on the aggravating factor of "persistent involvement in similar offenses or repetitive assaults." OAR 253-08-002(1)(b)(D).[1] It based that determination on defendant's Montana convictions for kidnapping, robbery, aggravated assault and theft, all arising out of a single criminal episode in 1977. In that episode, as well as the one before the court, defendant had been intoxicated. He argues that the 1977 episode does not show "persistent involvement in similar offenses" to constitute "substantial and compelling reasons" to support the departure. OAR 253-08-002(1).

■ ■    "Persistent" connotes repetition. The factor captures a pattern of criminal behavior that incorporates the offender's inclination to engage in behavior with increasingly serious consequences. *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992); *see also State v. Guthrie*, 112 Or App 102, 107, 828 P2d 462 (1992). A sentencing court is given broad discretion in determining what circumstances warrant imposition of a departure sentence. *State v. Kennedy, supra.* Here, the persistent involvement stressed by the court was defendant's alcoholism. The court was not precluded from considering the role of alcohol in defendant's offenses; however, one episode of alcohol induced behavior is not, in and of itself, a pattern of criminal behavior for purposes of OAR 253-08-002(1)(b)(D).

■    In *State v. Kennedy, supra*, the trial court had imposed an upward departure on the basis of "persistent involvement in similar offenses" in circumstances that included the defendant's abuse of alcohol. However, the

---

[1] The court stated that the possession charge was an offense "the nature of [which] is one that is indeed aggravated." However, it does not appear to have imposed the departure on that basis, agreeing with defendant that that basis would be part of the offense for which he was convicted. OAR 253-08-002.

record showed that the defendant's alcohol use had led to increasingly serious crimes. Here, defendant's alcohol use had resulted in a single previous criminal episode 13 years earlier. That episode does not demonstrate repetitive criminal behavior encompassed by OAR 253-08-002(1)(b)(D).[2]

■      Insofar as the court relied on "just deserts," as a basis for the departure sentence, we agree with defendant that it erred. Punishing an offender appropriately is one of the guidelines' primary sentencing objectives encompassed by the presumptive sentence. *Oregon Sentencing Guidelines Implementation Manual* 7 (1989). Although a court might refer to the principle in explaining why a presumptive sentence would not accomplish the purposes of the guidelines, *see State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992), appropriate punishment is not an aggravating factor.[3]

Remanded for resentencing on conviction for possession of dangerous weapon with intent to use; otherwise affirmed.

---

[2] In determining whether there are substantial and compelling reasons to depart, a court is not precluded from considering the circumstances of a prior criminal episode. *See State v. Rodriguez*, 113 Or App 696, 833 P2d 1343 (1992).

[3] We do not address defendant's constitutional arguments that he makes for the first time on appeal.