Argued and submitted May 18, conviction affirmed; remanded for resentencing
July 1, 1992

STATE OF OREGON,
*Respondent,*

*v.*

TRINIDAD RODRIGUEZ,
*Appellant.*

(91-03-5230-C; CA A70618)

833 P2d 1343

Kurt C. Bendixsen, Hermiston, argued the cause for appellant. With him on the brief was Reynolds & Bendixsen, P.C., Hermiston.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the upward departure sentence imposed after he was convicted of sexual abuse in the first degree. ORS 163.425. We remand for resentencing.

The charge arose from an incident in the spring of 1990 when defendant was allowed to spend the night with neighbors. During the night, defendant molested the six-year-old victim. The victim and her mother brought the complaint about one year later. At that time defendant was serving a prison term for another conviction for sexual abuse involving a six-year-old child.

The trial court imposed an upward departure sentence, in part because of its conclusion that defendant's prior conviction constituted "persistent involvement in similar offenses." OAR 253-08-002(1)(b)(D). Defendant argues that one prior conviction is not the sort of "persistent involvement" intended under the rule. The state contends that, in addition to the conviction, there was an action pending against defendant in Arizona for a sex crime involving a juvenile. Defendant argues that that allegation was not properly before the court. The state counters that OAR 253-04-006(2) states that criminal history is based only on convictions and juvenile adjudications but that the aggravating factors in OAR 253-08-002(1)(b) do not depend on convictions. Relying on *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992), it contends that the court could consider the Arizona offense.

In *Wilson*, the defendant admitted to past involvement in promoting prostitution. Here, defendant did not dispute that there was a pending charge, but did not admit that it was true. However, we need not decide whether the court could rely on a pending charge in order to find persistent involvement in similar offenses, because the court here based its finding on defendant's prior conviction.[1]

---

[1] The court stated:

"I guess the — the concern I have is that this is the second case within a fair — relatively short period of time, in which [defendant] sexually abused a small child. Uh, and I view that sufficient to be — for a finding that he's been — that there's been persistent involvement in similar offenses. Uh, and based on that, I am going to find that there is substantial and compelling reasons to justify departure in this case."

In *State v. Clark*, 113 Or App 692, 833 P2d 1341 (1992), we held that the sentencing court erred in finding "persistent involvement" on the basis of a single criminal episode that had occurred 13 years earlier. The state urges here that defendant's convictions occurred close together. However, that distinction is not one reflected in OAR 253-08-002(1)(b)(D), which encompasses a pattern of criminal behavior which incorporates the offender's inclination to engage in behavior with increasingly serious consequences. *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992). Defendant's one prior conviction suggests an emerging pattern; it does not establish it.[2]

However, the sentencing court did not rely solely on "persistent involvement" to support the departure. It also noted that defendant had attacked the victim after being provided shelter by friends and that defendant has exhibited a "particular predatory nature." Because we cannot tell if the court would have imposed the same sentence on the basis of only that circumstance, we remand for resentencing.

Conviction affirmed; remanded for resentencing.

---

[2] While we conclude that one prior criminal episode will not support a finding of "persistent involvement in similar offenses," we do not suggest that a court is precluded from considering the circumstances of the prior episode in determining whether there are substantial and compelling reasons for a departure.