Argued and submitted September 30, conviction affirmed; remanded for
resentencing December 23, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID MICHAEL AMBROSE,
*Appellant.*

## (C901777CR; CA A70206)

844 P2d 227

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

*Defendant was convicted of sexual abuse in the first degree.* ORS 163.427. The victim was a 36-year-old neighbor who is mentally retarded and virtually confined to a wheelchair. Defendant challenges the court's imposition of an upward durational departure sentence of 60 months. We remand for resentencing.

■ ■ The court relied on seven aggravating factors in support of the departure. Only four require discussion. Defendant is correct that the court could not find persistent involvement in similar offenses or repetitive assault, OAR 253-08-002(1)(b)(D), on the basis of one conviction for public indecency. *State v. Rodriguez,* 113 Or App 696, 833 P2d 1343 (1992); *State v. Clark,* 113 Or App 692, 833 P2d 1341 (1992).[1]

■ Defendant also argues that the court erred in finding that the degree of harm or loss was significantly greater than typical, OAR 253-08-002(1)(b)(J), because defendant's mother had been a close friend and mother figure to the victim and that relationship had been ruined by the incident. Although the court explained why the loss was great, nonetheless we agree with defendant that it is not the type of loss or harm that the factor is intended to relate to. The examples provided in the commentary to the sentencing guidelines to illustrate the factor show that the harm or loss must have a direct link to a defendant's acts.[2] Here, the loss was the result

---

[1] The state contends that, on remand, the court should not be precluded from considering defendant's previous assaultive behavior. If a sentence has been imposed in error, a court is not precluded from relying on alternative authority when imposing sentence on remand. *State v. Smith,* 116 Or App 558, 842 P2d 805 (1992).

[2]

"EXAMPLE: If part of a rapist's sadistic conduct involves the intentional mutilation of his victim, a departure sentence would be appropriate. If the mutilation leads to permanent injuries, the sentencing court could properly cite Aggravating Factor I (Permanent Injury), as well as Aggravating Factor J, to impose a departure sentence.

"EXAMPLE: If an offender uses psychological torture on a victim as part of a kidnapping scheme, the sentencing judge may cite Aggravating Factor J to impose a departure sentence. A departure would only be appropriate if the psychological torture represented an exceptional harm to the victim as compared to the harm associated with the usual kidnapping case. A harm caused by the psychological torture needs not result in a physical injury to serve as [an] aggravating factor.

"EXAMPLE: Aggravating Factor J may also be cited in property offense. For example, this aggravating factor may be cited in any 'white-collar' property

of the victim's and the mother's responses to each other in the light of defendant's act. Defendant is correct that that loss flowed from his act only incidentally.

Defendant also challenges the court's reliance on the factors that the crime happened in the victim's home and that defendant was a trusted friend of the victim. Those factors are not in the rules, and defendant acknowledges that they do not have to be. He argues, however, that they cannot constitute substantial and compelling reasons, because they are not atypical in a sexual abuse case, because abuse often occurs in the home and by a trusted person.

The court listed those circumstances as separate aggravating factors. However, its comments show that it considered them more as part of its determination that defendant knew of the vulnerability of the victim, OAR 253-08-002 (1)(b)(B), than as separate factors. In that context, the court adequately explained the exceptional circumstances. There was no error on that point.

■　　　Defendant also argues that the court erred in the imposition of a 36-month term of post-prison supervision. At the time of the offense, sexual abuse in the first degree was a Class C felony with a statutory maximum of five years. He contends that the post-prison term, when added to the term of imprisonment, is beyond the maximum and that, therefore, the post-prison term must be vacated. We have recently answered defendant's argument contrary to his position. *State v. Little*, 116 Or App 322, 842 P2d 414 (1992).

Conviction affirmed; remanded for resentencing.

---

crime for which the amount of property stolen or misappropriated was exceptionally great or led to severe economic misfortune for the victim. This situation may often arise in cases of computer fraud or Blue Sky offenses." *Sentencing Guidelines Implementation Manual* 131 (1989).