Argued and submitted January 31, remanded for resentencing; otherwise affirmed
April 26, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# DARIO TALAMANTES
tn: Francisco Renteria-Aguirre,
*Appellant.*

## (C93-04-32815; CA A81217)

894 P2d 1182

Hari Nam S. Khalsa argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Ingrid A. MacFarlane, Deputy Public Defender.

Stephanie S. Andrus argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from the imposition of an upward dispositional departure sentence. We remand for resentencing.

Defendant, an illegal alien, was convicted of delivery and possession of a controlled substance, ORS 475.992(1) and (4), while he was on post-prison supervision. Before his present conviction, defendant had been convicted of first degree burglary, ORS 164.225, first degree theft, ORS 164.055, and delivery of a controlled substance, ORS 475,992(1), and had been deported to Mexico following each conviction.

At the sentencing proceeding, the court gave the following reasons for departure:

"The most important, of course, in this Court's view, is that the Defendant committed a crime while he was on supervision. To this Court, and I think to the Legislature, it means that the Defendant is basically not amenable to supervision, and shows a callous disregard for the leniency that was granted him the first time around.

"I also view this as a[n] aggravating factor, that he does have a prior record of a similar offense, *as well as* he continues to illegally reenter the United States, when it's clear that he's been advised not to, and he's aware of the consequences if he is caught when he does, or at least he's aware that there may be consequences." (Emphasis supplied.)

In its judgment of conviction and sentence, the court stated:

"UPWARD DEPARTURE DUE TO DEFENDANT'S PERSISTENT SIMILAR CRIMINAL OFFENSES, DEFENDANT WAS ON SUPERVISION AT THE TIME OF THE CURRENT OFFENSE, AND DEFENDANT'S CONTINUED ILLEGAL RE-ENTRY INTO THE USA."

Defendant argues that the court improperly based its departures on the "persistent involvement in similar offenses" ground, OAR 253-08-002(1)(b)(D), and that because the court did not indicate whether the other grounds, by themselves, would support the departure sentences, we must remand for resentencing.[1] We agree.

---

[1] Defendant does not argue that the court improperly relied on the "supervision" or "continued illegal entry in the United States" grounds.

■    The state acknowledges that one prior conviction for delivery of a controlled substance cannot support departure based on "persistent involvement in similar offenses." *State v. Clark*, 113 Or App 692, 694, 833 P2d 1341 (1992). However, the state argues that the court did not base its finding of persistent involvement on that single conviction, but on defendant's "pattern of entering the country illegally and engaging in criminal behavior while [here]."

■    After examining the sentencing colloquy and the judgment of conviction and sentence, we cannot agree with the state's interpretation for two reasons. First, it is axiomatic that the written order or judgment controls over the court's oral comments. *State v. Mossman*, 75 Or App 385, 388, 706 P2d 203 (1985); *Wrona and Wrona*, 66 Or App 690, 692, 674 P2d 1213 (1984). Here, the written judgment of conviction and sentence expressly lists defendant's "persistent similar criminal offenses" and his "continued illegal entry" into the country as separate reasons for departure. Second, even if we were to look to the court's oral comments at the time of sentencing, those comments appear to distinguish between defendant's "record of *a* similar offense" (emphasis supplied) and his pattern of illegal entry and are, at least, ambiguous.

We thus conclude that the court improperly based its finding of persistent involvement in similar offenses on defendant's single prior conviction for delivery of a controlled substance. *Clark*, 113 Or App at 694. Because we cannot determine whether the court would have independently imposed the same departure sentence on the other two grounds it articulated, we remand for resentencing. *State v. Rodriguez*, 113 Or App 696, 833 P2d 1343 (1992).

Remanded for resentencing; otherwise affirmed.