Argued and submitted June 27; remanded for resentencing, otherwise affirmed
September 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN CLYDE DEARMITT,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1401357; A174662

517 P3d 368

Defendant appeals from a judgment reimposing a sentence for three counts of sexual abuse in the second degree, ORS 163.425. Defendant assigns error to the imposition of departure sentences on all counts. The parties agree that the state properly pleaded only a single enhancement fact, "persistent involvement in criminal activity, similar offenses" in the indictment. Defendant argues that the resentencing court improperly relied on additional enhancement facts to support the upward departures. *Held*: A sentencing court may not rely on aggravating facts that were not included either in the indictment or in written notice to the defendant to support an upward departure. Because it was unclear whether the resentencing court relied only on persistent involvement or, instead, used factors beyond those pleaded in the indictment in deciding that there were substantial and compelling reasons to support an upward departure, the Court of Appeals remanded for resentencing.

Remanded for resentencing; otherwise affirmed.

Susie L. Norby, Judge.

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Egan, Presiding Judge, and Kamins, Judge, and Sercombe, Senior Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from a judgment reimposing a sentence for three counts of sexual abuse in the second degree, ORS 163.425. Defendant assigns error to: (1) the decision to place defendant in restraints at a time when he was without counsel; (2) the imposition of departure sentences on all counts; and (3) the imposition, as agreed to by the parties in plea negotiations, of a sentence using the crime seriousness score of "7" instead of "6." We conclude that the resentencing court may have improperly relied on enhancement facts that were not pleaded by the state to support its finding for an upward departure, and therefore remand for resentencing. Given our resolution of the second assignment of error, we decline to address the merits of defendant's remaining assignments of error.[1]

Defendant pleaded guilty and, after the original sentencing, he appealed on a variety of grounds. We remanded for resentencing due to the sentencing court's failure to merge two of the counts into a single conviction. *State v. Dearmitt*, 299 Or App 22, 23, 448 P3d 1163 (2019). On remand, the state argued that the resentencing court should impose an upward departure on each count based on a list of enhancement facts that it argued amounted to "substantial and compelling reasons" for a departure. ORS 137.671(1); OAR 213-008-0001.[2] Defendant objected to the use of enhancement facts that were not pleaded in the indictment or otherwise provided in written notice. After hearing argument from defendant and the state, the resentencing court found substantial and compelling reasons to impose an upward departure for each count of sexual abuse in the second degree and listed the following facts to support its decision: defendant's persistent involvement unrelated to the current crime; defendant's untreated substance abuse

---

[1] In his first assignment of error defendant contends that the court erred when it authorized that he be placed in restraints at a time when defendant was without the benefit of counsel. Defendant acknowledged during oral argument that a remand for resentencing would obviate the need to address the restraints issue.

[2] ORS 136.765 refers to the use of an "enhancement fact" while OAR 213-008-0002 uses the phrase "aggravating factors." Because the meanings are the same for the purpose of this opinion, we use the terms interchangeably.

history; the fact that defendant was not amenable to supervision nor to treatment; the fact that a lesser sentence would not deter defendant; and the fact that defendant presented a danger to the community because of a history of sexual deviance.

As relevant for this appeal, the parties agree that the state properly pleaded only a single enhancement fact, "persistent involvement in criminal activity, similar offenses" in the indictment. As part of the plea agreement, defendant waived his constitutional right to a jury trial as to that single factor. *See State v. Lafferty*, 240 Or App 564, 584-85, 247 P3d 1266 (2011) (defendant must make a knowing and intentional waiver of his right to a jury trial on sentencing enhancement facts and must do so in writing). The state argues that the court relied on the other facts the court mentioned only as support for its finding of persistent involvement. Alternatively, the state contends that resentencing is not required even if the court relied separately on the factors the court mentioned but that were not pleaded, as the court needed only one enhancement fact to impose an upward departure.

A sentencing court may not rely on aggravating facts that were not included either in the indictment or in written notice to the defendant to support an upward departure. ORS 136.765; *State v. Davilla*, 280 Or App 43, 62, 380 P3d 1003 (2016). That requirement serves to safeguard a defendant's Sixth Amendment right to have a jury determine certain facts that increase a defendant's sentence. *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt); *Blakely v. Washington*, 542 US 296, 303-04, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (extending *Apprendi*'s "statutory" maximum to sentencing guidelines); *State v. Frinell*, 290 Or App 296, 300, 414 P3d 430 (2018) (recognizing that the undisputed purpose of ORS 136.760 to 136.792 was to safeguard the Sixth Amendment right to jury trial on sentence enhancement facts); ORS 136.760(2) (an enhancement fact is "constitutionally required to be found by a jury" in order to increase the sentence imposed).

Because it is unclear whether the resentencing court relied only on persistent involvement or, instead, used factors beyond those pleaded in the indictment in deciding that there were substantial and compelling reasons to support an upward departure, we must remand for resentencing. *See Davilla*, 280 Or App at 65 (remanding for resentencing was necessary when the record was unclear whether the court used the additional facts as the basis for the departure or as reasons for the length of the departure). As to the state's argument that the resentencing court considered unpleaded enhancement facts solely to support its finding of persistent involvement, the record is ambiguous. At the original sentencing hearing, upon which the resentencing court relied, the court found that "certain aggravated circumstances exist" and then listed off multiple factors, including persistent involvement. The most recent judgment also provides that, "[t]his departure is pursuant to the following aggravating or mitigating factor(s)," listing six factors, one of which is persistent involvement. That those facts were included in a list alongside "persistent involvement" suggests that the court may have considered them as separate bases for departure that, in combination, amounted to substantial and compelling reasons, not merely as support for an overarching finding of persistent involvement. Due to that ambiguity, we must remand for resentencing.[3]

In the alternative, we understand the state to argue that, because a single sentence enhancement factor can justify an upward departure, once a court makes a finding of an enhancement fact that was properly pleaded and proved and is legally sufficient to justify the departure, the court is free to rely on additional unpleaded aggravating factors in

---

[3] To satisfy the departure factor of persistent involvement in similar offenses, the trier of fact must determine "whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is persistent." *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007) (internal quotation marks omitted). The ambiguity regarding the basis for the departure sentence is compounded by the fact that the record is unclear whether the sentencing court found that a single prior adjudication for a similar sexual offense would satisfy that enhancement factor, which would be contrary to our case law. *See State v. Rodriguez*, 113 Or App 696, 699, 833 P2d 1343 (1992) (one prior conviction does not establish persistent involvement); *State v. Clark*, 113 Or App 692, 694-95, 833 P2d 1341 (1992) (one prior criminal episode involving alcohol use did not establish persistent involvement).

its discretionary decision whether and how much to depart. *See State v. Upton*, 339 Or 673, 687, 125 P3d 713 (2005) ("A sentence that exceeds, or is below, a presumptive sentencing range may be based on a single factor[.]"). However, once an aggravating factor is pleaded and proved, the trial court must then determine if that factor amounts to a substantial and compelling reason to depart. *See State v. Speedis*, 350 Or 424, 429, 256 P3d 1061 (2011) ("If the trier of fact finds beyond a reasonable doubt that an aggravating factor that the prosecutor has identified exists, then the trial court may enhance a defendant's sentence if it concludes that that aggravating factor provides a substantial and compelling reason for doing so."). When making that decision, "the court [is] limited to consideration of the only aggravating factor that was alleged and proved by the state[.]" *Davilla*, 280 Or App at 63.

The same uncertainty in the record precludes us from addressing the state's alternative argument. It is not clear whether the court found that the single appropriately pleaded enhancement fact of persistent involvement itself amounted to a substantial and compelling reason to depart. *See State v. Enemesio*, 233 Or App 156, 162, 225 P3d 115, *rev den*, 348 Or 414 (2010) (resentencing required if any of the departure factors were incorrectly applied and the trial court did not indicate whether it was relying on the factors it found singly or in combination). Accordingly, we cannot address whether a court may consider unpleaded facts in determining the extent of the departure *after* it makes the necessary finding that persistent involvement alone amounts to a substantial and compelling reason to depart, because it is unclear whether the court in this case did, in fact, make such a finding.

In light of our remand, we do not reach the merits of the remaining assignments of error.

Remanded for resentencing; otherwise affirmed.