76 July 23, 2025 No. 648

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN CLYDE DEARMITT,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1401357; A180226

Susie L. Norby, Judge.

On appellant's petition for reconsideration filed April 21, 2025; and respondent's response filed June 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for response.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Walters, Senior Judge.

WALTERS, S. J.

Reconsideration allowed; former opinion and disposition modified; remanded for resentencing consistent with this opinion; otherwise affirmed.

**WALTERS, S. J.**

Defendant petitions for reconsideration of our decision in *State of Oregon v. Dearmitt*, 338 Or App 419, 567 P3d 457 (2025) (*Dearmitt III*), in which we remanded for resentencing, concluding that the sentencing court had erred in considering defendant's prior convictions for failure to register as a sex offender and in using facts not alleged by the state to justify the departure sentence that it imposed. In reaching our decision, we rejected defendant's argument that, beyond those sentencing errors, the record was legally insufficient to support a finding of persistent involvement and to justify a departure sentence. Defendant asks that we reconsider that aspect of our opinion, arguing that we made a factual mistake when we relied on evidence that was outside the scope of the evidentiary record at sentencing. ORAP 6.25(1)(a). Defendant contends that we relied on exhibits presented at a suppression hearing which were not presented to the trial court at sentencing. For the following reasons, we agree. On reconsideration, relying only on the evidence presented to the sentencing court in that proceeding, we reach a different conclusion regarding the sufficiency of the state's evidence: We conclude that the evidence is not sufficient to support a finding of persistent involvement or a departure sentence, and, therefore, we remand for resentencing consistent with that holding.

In *Dearmitt III*, we described the relevant record as including letters that defendant had written while in prison; Detective Marquez's report after talking with defendant about the letters; interviews with defendant; an interview with S, one of the children discussed in the letters; and portions of the transcript of a polygraph examination of defendant. 338 Or App at 28. We said that defendant "did not stipulate to the truth of that evidence, but he stipulated to its admission." *Id.* We were incorrect. At sentencing, defendant did not stipulate to the admission of all of that evidence. He stipulated to admission of evidence that the state proffered with its sentencing memorandum. The evidence that the state proffered at sentencing did not include the interview with S or a transcript of defendant's polygraph examination, which the state had previously submitted in response to a

motion to suppress. As to the polygraph examination, the state indicated in its sentencing memorandum that defendant had submitted to an examination and that he had failed it, and defendant attached limited excerpts from the polygraph examination to his sentencing memorandum.

Although the parties did not expressly stipulate that the evidence that they submitted at sentencing was the only evidence that the sentencing court could consider, we conclude, from our review of the record, that that was the understanding from which the parties and the sentencing court proceeded. We were mistaken in our view of the relevant record and now take up the question of whether the evidence in the record before the sentencing court was sufficient to permit it to make a finding of persistent involvement and all inferences necessary to that finding beyond a reasonable doubt. *See State v. Davilla*, 280 Or App 43, 59, 380 P3d 1003 (2016) (explaining that an appellate court reviews a trial court's factual findings justifying a sentencing departure for whether they are supported by evidence in the record); *State v. Speedis*, 350 Or 424, 429, 256 P3d 1061 (2011) (stating that the state must prove enhancement factors beyond a reasonable doubt).

As noted in *Dearmitt III*, a finding of persistent involvement requires two or more instances of conduct. 338 Or App at 427 (citing *State v. Rodriguez*, 113 Or App 696, 699 n 2, 833 P2d 1343 (1992) (concluding "that one prior criminal episode will not support a finding of 'persistent involvement in similar offenses'")). The conduct must constitute "offenses" and must be "similar" to the conduct for which the defendant is being sentenced. OAR 213-008-0002(1)(b)(D). In *Dearmitt III*, we concluded that, "viewing the evidence as a whole—the details in the letters themselves and the corroboration of certain of those details—the court reasonably could have inferred that defendant had committed acts of sexual abuse on more than one occasion, as opposed to only fantasizing about that abuse." *Id.* at 429-30.

In reaching that conclusion we relied, as indicated, on the letters themselves, in which defendant described, in graphic detail, acts of sexual abuse that he said he had committed against two children—S and T. We also relied

on the following evidence corroborating what defendant said in the letters: (1) that S and T exist; (2) that T is the daughter of defendant's former girlfriend, K, and would have been about four years old during the time that defendant was in a relationship with K, (3) that S is K's young cousin, and would have been about 10 years old at that time; and (4) that defendant rode in the back of a car with K and T; that, at that time, defendant was sexually aroused by T; (5) that defendant fantasized about, and masturbated to thoughts of S; and (6) that, in an interview with S, S confirmed that defendant had sexually touched both T and S.

Now, we must consider only the evidence that we deem properly before us, and, thus, we cannot consider the last piece of the corroborating evidence on which we previously relied—confirmation from one of the alleged victims that sexual abuse occurred. Given that change in the record, we now still conclude that the evidence is sufficient to support a finding, beyond a reasonable doubt, that T and S actually existed, that defendant had opportunities to abuse them, and that defendant was sexually aroused by both children. We also conclude, however, that the evidence is not sufficient to support a finding, beyond a reasonable doubt, that defendant actually committed two or more of the described acts.

To explain why we reach that latter conclusion, we focus on the standard of proof that the legislature requires for sentencing enhancement facts: beyond a reasonable doubt. *Speedis*, 350 Or at 429. That is the same standard of proof that is required for conviction of a crime. ORS 136.415 ("A defendant in a criminal action is presumed to be innocent until the contrary is proved. In case of a reasonable doubt whether the guilt of the defendant is satisfactorily shown, the defendant is entitled to be acquitted."). As the Supreme Court recently described it, that standard requires the factfinder to reach a state of subjective certitude about an occurrence—the equivalent of moral certainty. *State v. Chitwood*, 370 Or 305, 315-16, 518 P3d 903 (2022) ("[T]he beyond-a-reasonable-doubt standard 'impress[es] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.'" (Quoting *Victor v. Nebraska*, 511 US 1, 15, 114 S Ct 1239, 127 L Ed 2d 583 (1994))).

The question before us is whether the record would allow a factfinder to reach a subjective state of near certitude that defendant committed acts of sexual abuse against T and S. The state presented evidence of letters that described acts of sexual abuse against real children to whom defendant had access and who sexually aroused him. The state also introduced evidence that defendant failed a polygraph examination when questioned about the letters, but the sentencing record does not reflect anything more about that failure, such as the question that was asked.

As for the context of the letters themselves, the prosecutor said, at the first sentencing hearing, that in an interview about the letters, defendant had "denie[d] anything happening with regard to these things he has written down." The prosecutor said that the state could not "say for sure" whether "those things in the letters actually happened[.]" The prosecutor noted that defendant claimed "that this was kind of a game he was playing with his fellow inmates; that he was going to write all this crazy stuff down in letters and they were going to send him letters and things like that[.]" In the polygraph excerpt that defendant submitted with his sentencing memorandum, he again denied that the acts in the letters had occurred. He said that he "had never done anything to either one of them."

We conclude that, considering only the evidence in the sentencing record, no reasonable factfinder could reach a subjective state of near certitude that defendant actually committed the acts described in the letters, as opposed to fantasizing about them or fictionalizing them. Both are possible—the letters may have been entirely fictionalized accounts related as part of a game, or they may have described events that actually happened. But, in light of the competing explanation for the letters, and without evidence corroborating that defendant acted on his opportunity and sexual interest in T and S, no reasonable trier of fact could find beyond a reasonable doubt that defendant committed offenses against them that were similar to the ones for which he was convicted.

We acknowledge that this is a close case, and that we previously held that the evidence from the suppression

hearing was sufficient to change the balance. But a finding of this consequence, requiring this standard of proof, demands more than the sentencing record holds.

As is evident from other aspects of our analysis in *Dearmitt III*, a remand is again required. But, now, the remand we require is for resentencing without a finding of persistent involvement. As we explained in *Dearmitt III*, the only other cognizable argument for a finding of persistent involvement is an argument that defendant committed a similar offense when he was a juvenile. Defendant argues that, as a matter of law, the juvenile adjudication cannot qualify as a similar offense. We need not decide that question because, even if that adjudication could qualify, it would constitute only one, and not the necessary two offenses. Furthermore, as we explained in *Dearmitt III*, persistent involvement was the only enhancement factor that the state pleaded in this case. 338 Or App at 423.

Reconsideration allowed; former opinion and disposition modified; remanded for resentencing consistent with this opinion; otherwise affirmed.